Dean v. Town of Senatobia.*

(Division A. April 26, 1926.)

[108 So. 178. No. 25639.]

1. Municipal Corporations. *Statutes.* *"Preamble" to statute or ordinance is prefatory statement purporting to state occasion making law.*

"Preamble" to a statute or ordinance is a prefatory statement, or explanation or finding of facts by power making it, purporting to state purpose, reason, or occasion for making the law to which it is prefixed.

2. Municipal Corporations. *Declaration of necessity for improvement appearing in preamble of resolution held sufficient (Hemingway's Code, section 5945).*

Resolution of mayor and aldermen declaring special improvement necessary, as required by Hemingway's Code, section 5945, stated in preamble by which body of resolution was introduced, *held* sufficient to declare improvement necessary.

3. Municipal Corporations. *Using of word "deem" instead of "declare" in resolution of necessity for improvement held of no importance (Hemingway's Code, section 5941 et seq.).*

In resolution providing for graveling of street under Hemingway's Code, section 5941 *et seq.*, use of word "deem" as to necessity of improvement instead of "declare," *held* of no importance.

4. Municipal Corporations. *Evidence held insufficient to show resolution for improvement was fraudulently passed (Hemingway's Code, section 5941 et seq.).*

Evidence, offered in support of charge of fraud on part of mayor and board of aldermen in adoption of resolution providing for graveling street under Hemingway's Code, section 5941 *et seq.*, *held* insufficient to show that resolution was fraudulently or corruptly passed.

5. Municipal Corporations. *Correctness of adjudication that protest to improvement was not signed by majority of property owners presents no ground for collateral attack on resolution (Hemingway's Code, section 5941 et seq., and section 5948).*

In suit by city to collect assessment for special improvements under Hemingway's Code, section 5941 *et seq.*, evidence, offered

in support of charge of fraud on part of mayor and board of aldermen and adoption of resolution going only to correctness of adjudication, that protest under section 5948 was not signed by majority of property owners could have been considered on appeal to circuit court therefrom, and presents no ground for collateral attack on resolution as defense to assessment.

6. MUNICIPAL CORPORATIONS. *Only person fraudulently induced not to protest against improvement can complain (Hemingway's Code, section 5491 et seq.).*

  If mayor and board of aldermen, after passing resolution for graveling street under Hemingway's Code, section 5941 *et seq.*, fraudulently induced any one not to protest against improvement, the only one who can complain thereof is one so induced not to protest.

*Corpus Juris-Cyc References: Municipal Corporations, 28 Cyc, p. 1005, n. 17 New; p. 1227, n. 78; p. 1229, n. 94 New; p. 1240, n. 62. Preamble, 31 Cyc, p. 1156, n. 44.

APPEAL from chancery court of Tate county.

HON. N. R. SLEDGE, Chancellor.

Suit by the town of Senatobia against B. F. Dean. Judgment for plaintiff, and defendant appeals. Affirmed.

*J. F. Dean,* for appellant.

The ordinance under which the assessment herein is attempted to be levied is utterly void, as shown on its face. Section 5945, Hemingway's Code, under which this ordinance was attempted to be drawn requires three things definitely and positively. (1) When the mayor and board of aldermen shall deem necessary any special improvement and in their judgment the general improvement fund should not be used for that purpose, a special tax may be levied. (2) "In such case the board shall by resolution declare the improvement necessary." (3) The board shall describe the character of the work, etc. This is a special power conferred upon the board and the law must be strictly conformed to and if any of the above requirements are omitted, the ordinance is void. The ordinance in question wholly omits the second and most

vital and essential part of the requirements. They said why they wanted to enact the law or make the resolution, but there is no enacting clause declaring same necessary.

"The preamble is no part of the statute or resolution and can be referred to only in cases of ambiguity or doubt, and then it cannot enlarge or confer powers," says Mr. Chief Justice Fuller in *Y. & M. V. R. R. Co.* v. *Thomas,* 132 U. S. 174. See, also, 26 A. & E. Ency. Law (2 Ed.), pps. 625-626.

But, if mistaken in this, we still insist that the court erred in refusing appellant that right to show the actual, outrageous fraud perpetrated upon appellant and the other residents of Strayhorn street in forcing this improvement over their written protest, legally presented. As far back as *Plummer* v. *Plummer,* 37 Miss. 185, this court held: "A decree obtained by fraud is void both at law and equity, and may be so treated in any collateral proceeding in either court." To the same effect are *Christian* v. *O'Neal,* 46 Miss. 669; *Richardson* v. *Brooks,* 52 Miss. 118; *McCreary* v. *N. O. R. R.,* 128 Miss. 218, and authorities there cited; *Stingily* v. *Jackson,* 104 So. 465; *Albie* v. *Jones,* 82 Ark. 414, 34 C. J. 566.

The judgment of the mayor and board of aldermen may be successfully attacked collaterally not only for fraud, but under section 5949, Hemingway's Code, which provides: "Unless there be a written protest from a majority of those property owners, given the right under the provisions of this act to defeat the proposed improvement, in which event the mayor and board of aldermen *must* abandon the proposed improvement for at least six months." We contend that we have the right to show as a matter of fact that a majority of such property owners did so protest and that thereupon the mayor and board of aldermen lost jurisdiction to proceed with such improvements for at least six months. This has been definitely decided by this court in at least two well-considered cases. *Hawkins* v. *Carroll Co.,* 50 Miss. 735; and *Simpson County* v. *Buckley,* 85 Miss. 713.

This court should reverse this case and enter a decree of dismissal here.

*E. D. Dinkins* and *May, Sanders & McLaurin,* for the appellee.

This proceeding was commenced in the chancery court of Tate county to enforce an assessment for special improvements made upon a certain street in the town of Senatobia. The chancellor sustained the bill and from that decree this appeal is prosecuted.

I. The defendant challenged the validity of the assessment on the ground that the ordinance is void because, while declaring the improvement necessary, the word "declare" is not employed in the preamble or the body of the ordinance. Section 5944, Hemingway's Code, declares: "The mayor and board of aldermen shall be the sole judges as to the necessity for the special improvement." See, also, sections 5945, 5962.

The board here did recite or proclaim the necessity for such improvement. Instead of saying, "We declare such improvement to be necessary," the municipal authorities said, "We deem necessary an improvement, etc."

The objection to the form of the ordinance seems too technical to justify serious consideration, but since the point has been seriously asserted by the defendant, it becomes necessary to answer it.

If the mayor and aldermen have sufficiently declared the improvement to be necessary, the requirement of the statute has been made, notwithstanding the word "declare" was not expressly employed. There is no magic in the word itself. For definition of the word "declare," see *Remsen* v. *Brinckerhoff*, 37 Am. Dec. 256; *Knecht* v. *Mutual Life Ins. Co.*, 35 Am. Rep. 641.

Measured by the definitions above given, when the municipal authorities announced or proclaimed, or set forth in any way their determination regarding this special improvement, they declared it to be necessary. The or-

dinance contains, both in form and substance therein, what the law says it shall contain; and, so far as the form is concerned, it certainly complies with the statute.

The contention is made that such proclamation, statement or declaration must be embodied in the body of the ordinance and that it is not sufficient merely to set forth the existence of the necessity for the work in the preamble to the ordinance. The courts and text-writers declare a preamble to a statute or ordinance to be a "prefatory statement or explanation or a finding of facts by the power of making, purporting to state the purpose, reason or occasion for making the law to which it is prefixed." *Continental Oil Co.* v. *City of Santa Fe,* 3 A. L. R. 398; 25 R. C. L. 1030; *Fenner* v. *Luzerne County,* 31 A. T. L. 862, 167 Pa. 632; *Silva* v. *City of New Port,* 84 S. W. 741, 119 Ky. 587.; *Hanly* v. *Sims,* 94 N. E. 401, 175 Ind. 345.

The resolution declaring the existence of the necessity for the special improvement is the predicate for the ordinance, or, as one of the courts declared, is a finding of facts leading up to the passage of the act. The resolution and the ordinance may be, and very often are, combined in one act, the resolution declaring the existence of the necessity preceding that part of the ordinance which is bottomed upon the predicate laid in the preamble.

It is submitted that the mayor and aldermen in this instance proceeded about this matter in a perfectly logical and orderly manner. By the preamble they recited the existence of the facts necessary to precede legislation by them. They laid the predicate for their action in the proper manner. They published their finding of facts and what they proposed to do on the strength of that finding and gave the property owners due notice and opportunity to protest if they saw proper to do so. A majority of those having the right to protest did not do so; the action of the mayor and board of aldermen was not vetoed by those having the right to do so; the work was done in the way and manner provided by the

ordinance; the citizens and property owners derived the benefit of the special improvement; and the law imposes upon the abutting owner the obligation to pay his proportion of the tax.

II.   It is next sought to escape the tax and invalidate the ordinance by a collateral attack on the action of the board.   In passing upon a matter of this sort the mayor and aldermen act in a *quasi*-judicial capacity.   They certainly had jurisdiction of the subject matter and the only complaint made is that in the exercise of that jurisdiction the authorities acted erroneously· and wrongfully. The statute provides that any person dissatisfied with the action of the board may appeal to the circuit court and have a new trial.   Section 5962, Hemingway's Code. In cases of this character this court has on numerous occasions declared that the remedy by appeal is exclusive and that the action of the board is not subject to collateral attack.   *Bank* v. *Jackson,* 122 Miss. 557; *Jackson* v. *Buckley,·* 123 Miss. 56; *Green* v. *Hutson,* 104 So. 171; *Adams* v. *Lamb-Fish Lbr. Co.,* 103 Miss. 505.; *Wolford* v. *Williams,* 110 Miss. 637; *Johnson* v. *Yazoo City,* 113 Miss. 435; *Liddell* v. *Noxapater,* 129 Miss. 513; *Borroum* v. *Perdy,* 131 Miss. 778; 1 Abbott Municipal Corporations, p. 947; 4 McQuillin Municipal Corporations, p. 4305.

The foregoing authorities are conclusive of the question that the validity of the ordinance in this case is not open to the collateral attack sought to be made upon it.

Argued orally by *J. F. Dean,* for appellant, and *J. O. S. Sanders,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a. decree directing the. sale of certain property owned by the appellant abutting on a public street in the town of Senatobia for the payment

of the appellant's proportion of the cost incurred by the town in graveling the surface of the street.

The resolution providing for the graveling of the street was adopted in 1923 under the provisions of Chapter 260, Laws of 1912 (Hemingway's Code, section 5941 *et seq.*), which provides that the cost of special improvements on the streets of a municipality may, in the discretion of its mayor and board of aldermen, be assessed against the abutting property owners. Section 5 of the statute (Hemingway's Code, section 5945) provides that—

"When the mayor and the board of aldermen of any municipality shall deem necessary any special improvement on any street of the municipality, and in the judgment of the mayor and the board of aldermen the general improvement fund should not be used for the purpose of making the special improvement, a special tax to make the special improvement may be levied as herein indicated. In such case the board shall, by resolution, declare the improvement necessary," etc.

The resolution providing for the special improvement here in question recites that—

"Whereas the board of mayor and aldermen of the town of Senatobia, Mississippi, deem necessary an improvement requiring an unusual outlay and cost in excess of the general improvement fund of said town upon Strayhorn street beginning at Panola street and extending west to the corporation line of said town; therefore be it resolved by the mayor and board of aldermen of said town of Senatobia, Mississippi, as follows."

The remainder of the resolution complies with the provisions of the statute relative thereto.

A protest against the assessment of the cost of this special improvement against abutting property owners was filed under the provisions of section 8 of the statute (Hemingway's Code, section 5948), which was by the mayor and board of aldermen adjudged to be signed by less than a majority of the property owners residing on the street, and thereafter the street was graveled by

the town, and, as hereinbefore stated, it seeks by this suit to recover from the appellant his share of the expense thereof.

No appeal was taken to the circuit court from the order of the mayor and the board of aldermen adjudging the protest against the making of the improvement to be insufficient, or from the order fixing the assessment against the property owners for the cost of the improvement.

The answer of the appellant to the bill of complaint alleges that the protest against the making of the improvement was signed by a majority of property owners residing on the property owned by them and abutting on the street, and that the order of the board adjudicating the contrary was "entered by deliberate fraud, trick, chicanery, and misrepresentation, and is a void order, fraudulently made and entered."

The fraud intended to be charged by this general language was more specifically charged by other allegations of the answer, which it will not be necessary to here set forth, for the reason that the appellant's complaint based thereon will fully appear from the evidence which he sought, but was not permitted by the court to introduce in support thereof.

One of the appellant's contentions is that the ordinance is invalid, for the reason that it fails to "declare the improvement necessary." The declaration of the necessity of the improvement does not appear in the main body of the resolution, but in the whereas or preamble by which the main body of the resolution is introduced, and the argument of the appellant is that a preamble to a resolution is no part thereof, and consequently this resolution fails to "declare the improvement necessary." In support of this contention we are referred to cases stating the familiar rule that the preamble to a statute or ordinance is no part thereof, and can be referred to only as an aid in interpreting the statute or ordinance by which it is introduced.

The declaration here required to be made by the mayor and board of aldermen when making a special improvement that the improvement is necessary is for the purpose of adjudicating the necessity for the improvement, and that adjudication can as well appear in the preamble to, as in the main body of, the resolution. In fact, a preamble to a statute or ordinance is intended to serve just such a purpose, for it is nothing more than "a prefatory statement or explanation or a finding of facts by the power making it, purporting to state the purpose, reason or occasion for making the law to which it is prefixed." *Continental Oil Co.* v. *Santa Fe,* 177 P. 742, 25 N. M. 94, 3 A. L. R. 398; *Hanly* v. *Sims,* 93 N. E. 228, 94 N. E. 401, 175 Ind. 345; Lewis' Southerland Statutory Construction (2 Ed.) section 341. The statutes and ordinances dealt with in the cases cited by counsel for the appellant were not such as the legislature or municipal board could enact only after it had found the existence of some particular fact.

The use of the word "deem" in the resolution instead of the word "declare" is of no importance. The requirement that the resolution declare the improvement necessary can only mean that the mayor and board of aldermen must embody in the resolution a statement that in their opinion the improvement is necessary, and that is exactly what was done by the mayor and board of aldermen here when they set forth in the resolution that they "deemed" the improvement necessary.

The evidence which the appellant sought, but was not permitted to introduce in support of his charge of fraud on the part of the mayor and board of aldermen in the adoption of the resolution, was:

(1) Only twelve property owners actually resided on property owned by them abutting on the street ordered by the resolution to be improved, and nine of them protested against the improvement.

(2) The mayor and board of aldermen either caused T. H. McCants to make a fake deed to A. G. Johnson so that A. G. Johnson could be counted as a property owner

on that street, or they knew that this fake deed was made, and they counted A. G. Johnson as a property owner on that street, knowing that he was not.

(3) R. W. Locke and J. E. Tate, to the knowledge of the mayor and board of aldermen, did not live on property abutting on the street, but were counted by the mayor and board of aldermen against the petition.

(4) "The mayor and board of aldermen counted the Senatobia High School building as a property owner actually occupying or using or residing on said street as a property owner."

(5) The mayor and board of aldermen "induced, or attempted to induce, H. W. Baker to withdraw from that petition" (meaning the protest) "by stating to him that the improvements would not cost him more than twenty-five dollars."

(6) The mayor and board of aldermen induced Mrs. S. J. House to agree to withdraw her name from the protest.

(7) "The members of the board stated publicly as a board that they knew that they were taking the law into their hands, but that they proposed to grade and gravel that street, and they were not going to let any little property owners interfere."

All of the evidence here sought to be introduced would, of course, have been competent in a direct attack on this resolution, as by an appeal therefrom to the circuit court, but cannot prevail the appellant in this collateral attack thereon, unless: (1) The courts will restrain the enforcement of a municipal ordinance or resolution fraudulently or corruptly passed; and (2) it is sufficient to show that the resolution was so passed.

We are not here called on to determine how far, if at all, the courts will go in restraining the enforcement of an ordinance or resolution of a municipal board which was fraudulently or corruptly passed, and consequently we will express no opinion relative thereto, for the reason that we are of the opinion that the evidence offered

is insufficient to show that the resolution here in question was fraudulently or corruptly passed.

The evidence offered in paragraphs 1, 2, 3, and 4 goes only to the correctness of the adjudication of the mayor and board of aldermen that the protest was not signed by a majority of the property owners could have been considered on an appeal to the circuit court, and consequently presents no ground for a collateral attack on the resolution.

If the mayor and board of aldermen fraudulently induced any one not to protest against the improvement on the street, the only one who can complain thereat is the one who was so induced not to protest.

*Affirmed.*