McArthur *v.* City of Picayune.

(Division A.  Jan. 27, 1930.)

[125 So. 813.  No. 28362.]

·John C. Street, of Poplarville, and M. L. Alexander, of Picayune, for appellant.

J. C. Shivers, of Poplarville, and Grayson B. Keaton, of Picayune, for appellee.

Argued orally by **John C. Street**, for appellant.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Pearl River county approving and confirming an assessment of appellant's property made by the appellee, city of Picayune, to pay the pro rata cost of certain special improvements made by the appellee.

The mayor and board of aldermen of the said city determined to construct an ornamental white-way lighting system on and along certain streets and avenues of the city, and at the September, 1927, meeting the board, acting under the authority of section 3, chapter 194, Laws of 1924 (section 6985, Hemingway's 1927 Code), adopted a resolution declaring the proposed improvement to be necessary, and particularly designating the streets and parts of streets on which the white way was to be constructed, and also describing the nature and extent of the work, as required by this statute. Among other streets named in the resolution to be improved by the construction of the proposed whiteway was First street, running east and west, and Curran avenue, running north and south, and intersecting First street at right angles;

and the part of First street which was to be improved was described in the resolution of the mayor and board of aldermen as follows: "Thence on First street eastward from the margin of the main line track of the N. O. & N. E. (Southern Railway) to a point one hundred feet east of the intersection of the east margin of Curran avenue with First street, and on both sides of said First street." The appellant's property is located at the corner of First street and Curran avenue on the south side of First street and on the east side of Curran avenue, and the resolution of the mayor and board of aldermen provided that all the cost of the proposed special improvement should be borne by the property owners whose property abutted on the streets or parts of streets therein named, on and along which such improvement was to be constructed. The resolution adopted certain plans and specifications for such work, and recited that such plans and specifications were "on file with the city clerk for inspection of the affected property owners," and fixed a date more than fifteen days after the first publication of the resolution for a meeting of the mayor and board of aldermen to hear objections and protests by the abutting property owners. This resolution was duly published and on the date named therein for hearing protests against the said improvement the board met for that purpose, and, after hearing such objections and protests as were filed, overruled the same, and adopted a resolution ordering the improvement to be made in accordance with the plans and specifications on file, to be paid for by the abutting property owners, and directing that, after the completion of the work and the ascertainment of the exact cost thereof, the city clerk should prepare an assessment roll and make the proportionate assessment against the abutting property as required by law.

The proposed white way was thereafter constructed, and, according to the uncontroverted evidence, was constructed in exact accordance with the plans and specifica-

tions adopted by the mayor and board of aldermen and on file with the city clerk. Thereafter the assessment against the property of the abutting property owners was completed, and a notice to such abutting property owners was duly published, notifying them that the assessment of the cost per front foot had been completed and filed with the city clerk, and that the mayor and board of aldermen would convene on a date therein named for the purpose of hearing and determining all objections and protests to said assessment. At the meeting of the mayor and board of aldermen held for the purpose of hearing objections to the assessment against the abutting property, the appellant for the first time appeared and filed his objections thereto, the ground of his objection and protest being that no light was placed at a point one hundred feet east of the intersection of Curran avenue and First street, as required by the resolution of the board declaring its intention to construct the white way. This protest was overruled, and the assessment made final, and thereupon the appellant appealed to the circuit court. At the hearing of the cause in the circuit court, evidence was heard, and a verdict and judgment rendered in favor of the city, and thereupon this appeal was prosecuted.

The evidence offered at the trial of the cause in the circuit court shows that, at the time the original resolution declaring the said improvement to be necessary was adopted, the plans and specifications of the proposed special improvement were on file with the city clerk; that these plans and specifications showed the exact location of each light pole and light to be erected, and showed that the last lights to be erected on the eastern end of the proposed improvement on First street were to be located at the intersection of the east margin of Curran avenue with First street, one light to be erected at or near the northwest corner of appellant's property, and one at the opposite corner, across First street, and directly north

of appellant's property. It was further shown that the lights were located at the exact point called for by the plans and specifications, and that in all respects the work was done in strict compliance therewith, and that the light at or near the northwest corner of appellant's property was located on neutral ground between the sidewalk in front of appellant's property and his property line. It was further shown that the appellant did not inspect these plans and specifications before the work was done, and that he made no sort of objection to, or protest against, the said improvement until after the work had been completed, and the total cost ascertained, and the proper assessment made. The appellant offered evidence tending to show that he did not receive the expected benefits from this special improvement, while the city offered evidence tending to show that the lights as erected at the intersection of First street and Curran avenue were sufficient to give good light for quite a distance beyond the eastern end of appellant's property; but, under the conclusions we have reached, this conflicting evidence as to the extent of the benefits derived by appellant from this improvement becomes immaterial.

The appellant contends that, before the city could assess his property with any part of the cost of construction of the white way lighting system, it was required to construct the same in accordance with the resolution adopted and published by its mayor and board of aldermen, and that, in order to substantially comply with its duty in this regard, it was required to construct the white way on First street to the farthest point, or terminus, named in the resolution, that is, a point one hundred feet east of the intersection of the east margin of Curran avenue with First street; and appellant's contention upon this point seems to be that under the said resolution the city was required to locate a light at a point one hundred feet east of the said intersection of the east margin of Curran avenue with First street.

A city lighting system commonly known as a white way is intended to be ornamental as well as beneficial or useful, and to properly accomplish these purposes it is necessary to so locate the lights as to preserve or obtain symmetry throughout the system, and it is doubtful whether any arbitrary rule may be fixed that would require a light to be erected exactly at the terminus named. in designating the streets, or parts of streets, to be so improved, even when the abutting property owner properly protests against any other plan or location of lights when his property is adjacent to such terminus. It will be unnecessary, however, to decide that question here, for the reason that the appellant made no protest against the improvement and no objection to the location of the lights as fixed by, and shown on, the plans and specifications for the lighting system, until after the work had been fully completed and the cost thereof ascertained and assessed. Section 3 of chapter 194, Laws of 1924 (section 6985, Hemingway's 1927 Code), which requires that, when governing authorities of a municipality shall determine to make any local and special improvement, the cost of which is to be assessed against the property benefitted, they shall adopt and publish a resolution declaring the proposed improvement to be necessary, also provides that "in publishing said resolution, declaring the work necessary, the plans and specifications of said work need not be published but may be referred to as being on file in the office of the city clerk or city engineer."

The mayor and board of aldermen of the appellee city strictly complied with this provision in the adoption and publication of the required resolution, and referred therein to the plans and specifications which had been adopted, as being then on file with the city clerk for inspection by the affected property owners. The plans and specifications then on file with the city clerk showed the exact location of each light or light stand to be erected in constructing the proposed improvement, including the

location of a light adjacent to and abutting appellant's property. The resolution as adopted and published fixed a date for a meeting of the mayor and board of aldermen to hear all objections to the proposed improvement. The appellant made no protest against the improvement, and made no objection to the plans and specifications adopted, until after all the expense had been incurred and the work fully completed according to the plans and specifications, and we do not think he can now be relieved of paying his pro rata share of this expense on the ground that the plans and specifications did not properly locate the lights to be erected. The light erected at or adjacent to the corner of appellant's property was erected on neutral ground between his property line and the sidewalk in front of his property, and therefore his property was within the terms and meaning of this statute abutting upon the improvement, and was properly chargeable with its pro rata part of the cost.

The judgment of the court below will be affirmed.

Affirmed.