NEW ORLEANS & N. E. R. Co. v. CITY OF PICAYUNE.

(Division B. Jan. 2, 1933.)

[145 So. 101. No. 30162.]

Stevens & Heidelberg, of Hattiesburg, for appellant.

Parker & Shivers, of Poplarville, and Grayson B. Keaton, of Picayune, for appellee.

Griffith, J., delivered the opinion of the court.

This case involves the same improvement and the same proceedings therefor which were considered by the court in McArthur v. City of Picayune, 156 Miss. 456, 125 So. 813. Additional points are, however, raised by this appeal, and principally the appellant railroad company contends that a railroad right of way is not subject to assessment for the construction of an ornamental white way lighting system. We have maturely considered the contention, and, while we do not commit ourselves to the general proposition that a railroad right of way is subject to an improvement assessment for the construction of an ornamental white way lighting system, and expressly reserve decision on that general question, we think that the situation in this particular case was and is such that the assessment could be validly laid upon the particular railroad property here involved.

A more difficult question has been raised by appellant in respect to the resolution which is required by the statute to be adopted by the governing authorities of the municipality declaring the proposed improvement to be necessary. The minutes on this point recite as follows:

"Alderman N. B. Lane introduced the following resolution and moved its adoption, which was seconded by Alderman Edward Rowlands:

"RESOLUTION

"A resolution declaring the construction of an ornamental white way lighting system on the following streets and avenues in the City of Picayune, necessary, to-wit: [And here follows the detailed description of the streets and avenues to be improved.]"

After the completion of the description aforesaid, the resolution then proceeds with what is termed "Section 1," which declares that it will be necessary to purchase certain material and equipment, etc., and section 2 is to a similar effect, and the resolution proceeds on through nine separately numbered sections, in none of which sections, however, is there a declaration that the said improvement is or has been adjudged by the board to be necessary. If, then, the quoted recitals in what appellant contends is a mere title or caption to the resolution is not of sufficient evidence as a minute book entry of an adjudication that the said improvement was necessary, no such adjudication appears, and the entire proceeding falls for failure to take a precedent step essential to the jurisdiction.

As stated, appellant contends that that portion of the resolution above quoted is a mere title or caption to the resolution, and is no effective part of it. Appellant cites no authority on the point, and appellee relies on McArthur v. City of Picayune, supra, and also on Dean v. Senatobia, 142 Miss. 815, 108 So. 178. If the declaration of necessity were required to be made by an ordi-

nance, we think the position of appellant would be well taken, because an ordinance must have a title which shall clearly express the one subject with which the ordinance deals, must conform to a statutory style, and shall be read and considered by sections. Sections 2542-2544, Code 1930. But of a resolution none of these features is required. A resolution is not required to contain the formalities of an ordinance, for, generally speaking, a resolution is merely a declaration of the will or mind of the municipal council, and no set form or arrangement of words is essential to that declaration so long as it may be fairly found from the language used that there has been an actual expression of the will or mind of the council. 43 C. J., p. 519; Sawyer v. Lorenzen, 149 Iowa, 87, 127 N. W. 1091, Ann. Cas. 1912C, 940, 942.

Applying this statement of the rule to the facts in respect to the resolution here in question, we think that there is enough to be found in the resolution for the court to be able to say with confidence that the municipal authorities did by the resolution make the declaration of necessity and in a manner sufficiently evidenced on the minutes to form the legal basis of the subsequent proceedings.

Several other questions are raised in the briefs of appellant, but, because not made a part of the objections in the trial court, we are not authorized to consider them, urged, as they are, for the first time on appeal.

Affirmed.