## Evans *v.* City of Jackson.

(Division B. May 5, 1947.)

[30 So. (2d) 315. No. 36454.]

Howie, Howie & McGowan, of Jackson, for appellant.

**E. W. Stennett**, of Jackson, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

In common parlance, appellant prayed, and was denied, cancellation of certain alleged clouds upon his title to a tract of land bought by him from the City of Jackson, as hereinafter detailed. The City of Jackson was the successful defendant, and is appellee here. It was charged by the original bill with casting clouds, doubts and suspicions on the title obtained from it by appellant. The solution of the problem requires the construction of certain statutes.

Section 3429, Code of 1906, and Section 2590, Code of 1930, both read as follows: "What to be done with land after time for redemption has expired.—After the time for redemption has expired, the mayor and board of aldermen may take possession of and lease or sell any lands which it has acquired at tax-sale to any person, *in any manner that may be prescribed by ordinance.*" Chapter 328, Laws 1934, amended the foregoing statute as follows: "After the time for redemption has expired, the municipality, acting through its governing authorities, may take possession of and lease or sell any lands which it has acquired at tax sale to any person, in any manner that may be *prescribed by ordinance, which said ordinance may be a special ordinance covering each particular tract of land so leased or sold;* . . ."

Chapter 280 of the Laws of 1936, which is the present Section 3756, Code of 1942, materially changed the provisions of the foregoing enactments. The phrase "order or resolution" was substituted for the word "ordinance." The statute now reads as follows: "After the time to redeem from the municipal tax sale has expired, or after the municipality has purchased lands as provided in this Act, said municipality, acting through its govern-

ing authorities shall take possession of said lands and shall endeavor to sell same as expeditiously as good business may require. ·Provided, however, it may lease said lands until a sale thereof can be made. Said municipal governing authorities may lease or sell any of said lands to any person in any manner *that may be prescribed by an order or resolution, which said order or resolution shall be entered on the minutes covering each particular tract of land so leased or sold, . . .*" It was the intention of the Legislature to vest in municipal authorities in each specific case of lease or sale the right to fix the price, terms and conditions of each sale or lease. (All italics, ante, are ours.)

The briefs of both appellant and appellee agree that a former administration and the present administration as "governing authorities" of the City of Jackson, disagree in their interpretation of the foregoing statutes, and the application, if any, to the situation at issue of Section 3806, Code 1942. It appears that "many thousands of lots and parcels of land within the City of Jackson sold for taxes and literally thousands of these sales matured in the City," according to the brief of appellant, and are in the same status as the land in litigation. In the brief of appellee, City of Jackson, it is admitted that "For some time prior to January 1, 1945, conveyances of tax lands owned by the City of Jackson had been made in the form and manner set out in appellant's bill of complaint." The factual averments of the original bill are admitted to be true also by appellee's general demurrer to same. About 1944 attorneys for title insurance companies began declining to approve and certify to titles passed by deeds from the Municipality of Jackson executed in the manner and form set out in the bill of complaint, and as a result "present owners of land who acquired their title through deeds executed in such manner by the City were required by their attorneys to make application to the City for new deeds."

Often the City required additional consideration from its purchasers for a new deed to the same land.

Appellant's property here involved had been bought by the City of Jackson at a tax sale thereof, and the period of redemption thereof had expired, and thereafter he, Evans, purchased it from the appellee, City of Jackson, on October 28, 1944. The original bill avers: ''That the property conveyed in instruments above mentioned by the City of Jackson was conveyed in pursuance of a resolution on the Minutes of the City of Jackson, Hinds County, Mississippi, in Minute Book 'V' at Pages 515 and 516, dated November 7th, 1944 . . . That the said deed and resolution above mentioned, were executed and issued by virtue of an ordinance of the City of Jackson, which is a part of the recognized ordinance records of the City of Jackson, Mississippi, and the requirements of the ordinance were fully complied with.'' A copy thereof was exhibited with the original bill.

The ordinance, to which reference was made, had been adopted in 1938. Appellant's deed was dated October 28, 1944. The resolution apparently was actually dated October 31, 1944. So, the resolution was adopted and entered on the minutes of the city government three days after the date of the execution and delivery of the deed to appellant. He contends that since the city government had the right to make the sale to him by resolution under the general ordinance, post, and pursuant to the statute, Section 3756, Code 1942, had it been adopted and entered on the minutes before the delivery of the deed, it had the right to ratify the transaction by a similar resolution, adopted and spread on the minutes thereafter. There was no necessity, he argues, to publish this resolution in accordance with Section 3806, Code 1942, dealing with the effective dates of ordinances. Appellee takes the opposite view in each instance, insisting that the resolution must have been adopted and published in the same manner as an ordinance, and for the same length of time, regarding each and every sale of any

tract of land bought by the city at tax sale and not re-deemed. Section 3806, Code 1942, insofar as pertinent to the issue, reads as follows: *"Every resolution or ordinance* passed by the council . . . shall be certified by the city clerk, approved by the mayor or a majority of all the members of the council, published as now required by law or the charter of such city, and recorded in the ordinance book, before the same shall be enforced." (Italic ours.)

From a careful consideration of the foregoing statutes, it will be observed significantly that the present statute authorizes municipal governing authorities to sell any unredeemed tax forfeited lands, after the period of redemption, in any manner that may be prescribed by an "order or resolution." This statute supplanted the amendment to Section 2590, Code 1930, by Chapter 328, Laws 1934, which provided that such sale be prescribed by "ordinance," which said ordinance might be a *special ordinance* covering each particular tract of land so sold. An ordinance is enacted to regulate continuing conditions, and constitutes a permanent rule of government. An order deals with temporary powers, and when it has been promulgated and accomplished its purpose, it ceases to have further potentiality. Its usefulness usually ends with the performance of directions. An ordinance generally continues to operate until formally repealed. A resolution "is merely declaratory of the will of the corporation in a given matter, and in the nature of a ministerial act." 43 C. J. 519, Sec. 798, Municipal Corporations.

In Section 3756, Code 1942, the correlative use of resolution and order in the phrase "by an order or resolution," therefore, has a distinct meaning of its own, inconsistent with the language of Section 3806, Code 1942, wherein the verbiage employed is "every resolution or ordinance." Words so situated take their meaning from each other, under the doctrine of noscitur a sociis, the philosophy of which is that the meaning of a doubtful

word may be ascertained by reference to the meaning of words associated with it. 46 C. J., Note 33, p. 496. It is a broader maxim than ejusdem generis. It was held in Misch v. Russell, 136 Ill. 22, 26 N. E. 528, 12 L. R. A. 125, that such words as are capable of an analoguous meaning, being associated together, take color from each other. Discussing the maxim noscitur a sociis, the Supreme Court of Wisconsin in Blake v. Blake, 75 Wis. 339, 43 N. W. 144, declared in effect that the words "estate," and "alimony" in revised statutes of Wisconsin, Section 2364, authorizing the court in divorce actions to adjudge to the wife alimony out of the husband's estate, are not only associated within the rule noscitur a sociis, and to be understood in a kindred sense, but are correlatives dependent one on the other for effect, and should be understood in a corresponding sense.

In section 3756 the word "resolution," by the application of the doctrine noscitur a sociis, takes on the nature of an order when construing that statute, and therefore has a different meaning from the phrase "resolution or ordinance" in Section 3806, Code 1942, wherein the word "resolution" takes on the nature of an "ordinance," when interpreting that statute. This is further borne out by the fact that the sale of a tract of land is a single transaction as a rule, and the changes in the statute indicate the Legislature finally concluded there was no reason for an ordinance for each sale. The present law does not require publication of the resolution of sale as an ordinance, and entry on the minutes as a mere order, complies therewith.

An interesting Mississippi case dealing with the difference an ordinance and a resolution is New Orleans & N. E. R. Co. v. City of Picayune, 164 Miss. 737, 145 So. 101, 102, wherein we said "an ordinance must have a title which shall clearly express the one subject with which the ordinance deals, must conform to a statutory style, and shall be read and considered by sections. Sections 2542-2544, Code 1930. But of a resolution none of

these features is required. A resolution is not required to contain the formalities of an ordinance, . . .''

Appellee relies principally upon Byrd v. Dickson, 152 Miss. 605, 120 So. 562, 563. This decision was rendered when Section 3429, Code 1906, was in force as Section 7013, Hemingway's 1927 Code, which, as stated, supra, authorized municipal governing authorities to sell its lands acquired at tax sales, after the redemption period had expired, in a manner to be prescribed by ''ordinance.'' While at the date of the sale before us now it was authorized to be made in any manner to be prescribed by ''order or resolution.'' Byrd v. Dickson, therefore, then correctly held that ''The last clause of this section, (3429 Code 1906) 'in any manner that may be prescribed by ordinance', was intended to require the town of McHenry to provide by ordinance the terms and conditions under which the municipal property acquired through tax sales may be conveyed.'' But that case does not control here, in view of the change in the statutes, since the presently controlling statute, Section 3756, Code 1942, substituted ''order or resolution'' for ''ordinance.'' The Legislature did that for a purpose, which, we think, was to simplify such sales in order to get the lands back quickly on the tax rolls. The statute expressly directs ''said municipality, acting through its governing authorities shall take possession of said lands and shall endeavor to sell same as expeditiously as good business may require.''

In the case of Los Angeles Dredging Company v. City of Long Beach, 210 Cal. 348, 291 P. 839, 844, 71 A. L. R. 161, the Supreme Court of California was dealing with a similar problem. In its opinion, that Court declared: ''The charter specifies the manner in which emergency contracts may be made without the necessity of competitive bidding. It requires that the city manager be authorized by a resolution and affirmative vote of five members of the council. At the time these contracts were made, no such resolution or vote took place. At such time,

therefore, the city manager was without authority to enter into them and they were unenforceable. Thereafter, the city council expressly confirmed his authority and ratified the contracts in the manner prescribed; that is, by resolution and affirmative vote of five members. The question is whether this ratification transformed these unenforceable agreements into binding obligations.'' Continuing, the Court favorably quoted the following from the case of Zottman v. San Francisco, 20 Cal. 96, 81 Am. Dec. 96: ''Ratification is equivalent to a previous authority; it operates upon the contract in the same manner as though the authority to make the contract had existed originally.'' The California court, therefore, held that the action of the city governing authorities, after the making of the contract, as above stated, by adopting a resolution, authorizing the city manager to make it, by an affirmative vote of five members of the council, successfully ratified it, because the city council had the authority so to adopt the resolution in the beginning. In the case at bar, the city council was authorized by the Legislature to adopt the requisite resolution prior to the execution of the deed in accordance with the procedure here followed. Consequently, the subsequent resolution of ratification was effective.

The pertinent ordinance of the City of Jackson, No. 1549, reads as follows: ''That after the expiration of the period of redemption the lands that have been sold to the City and not redeemed, may be subject to purchase by any person, it being the policy of the City, however, as fas as possible, to permit the owner to purchase the City's tax title. The City's tax title may be purchased by paying to the City Clerk the amount of taxes, or special improvements, for which the property sold and all costs incident to said sale and all taxes and all costs accruing thereon since said sale and 15 per centum on the amount for which the property was sold and upon such payment to him, the City Clerk shall execute to the purchaser the conveyance of the title of the City thereto under their

hand and the City seal, with acknowledgment, the fee of which shall be included in the purchase price.''

The resolution adopted by the city governing authorities on October 31, 1944, described this ''particular tract'' of land herein litigated, and other lands, and gave the name of appellant as the purchaser of the ''particular tract'' involved in this law-suit, and contained the following in addition thereto: ''Whereas the City of Jackson, Mississippi, received the money from the said sales, and the sales were made in a lawful manner. Now, therefore, be it resolved by the Council of the City of Jackson, Mississippi, (1) that the above enumerated sales and each of them be and they are hereby ratified and approved.''

The appellee also argues that the foregoing resolution, exhibited with the original bill, was fatally insufficient because in violation of the requirements of the statute, since the statute provides that the order or resolution shall be entered on the minutes covering ''each particular tract'' of land, and this requirement forbids the use of a resolution embracing more than one parcel of land. It is true that this resolution embraced several tracts of land, but it included the particular tract of land here involved, specifically described therein, and hence complied with the provision of the statute, governing each particular tract of land.'' The Legislature directed that the municipal authorities might adopt the manner of making the sales of these lands. In the case of Hawkins v. City of West Point, 200 Miss. 616, 27 So. (2d) 549, 551, we held that ''municipalities may exercise all powers which are reasonably necessary to give effect to the powers granted, and in so doing they have the choice of the means adapted to the ends, and are not confined to one method of operation—this in absence of a method prescribed by the statute itself.''

The fact that a succeeding administration adopted a procedure different from that of its predecessor does not, ipso facto, successfully validate or invalidate the acts of the former governing authorities, but it does, if treat-

ing such predecessor's valid acts invalid, as here, cast a cloud, doubt or suspicion upon the title of appellant. The action of the present municipal authorities was due to the adoption of a practice, as admitted in its brief, responsive to the demand of several title attorneys, that the City Council, after considering and approval of an application for a new deed, (to the lands already sold by a former administration, not, however, recognized as validly done by the present administration) would enter its resolution on the minutes. Publication was thereupon made in a newspaper, and after a period of 30 days, a new deed would be signed and delivered to the purchaser.

Of course, appellant's position is that his present deed from the former municipal authorities is valid, and that he cannot be compelled to repurchase now from the present controlling authorities the same land lawfully owned by him. Sometimes similar owners of such lands have even been required to pay an additional price by the contemporary City Council. All of this, as stated, appellant correctly contends, we think, casts a cloud upon his title, and that he is entitled to the relief provided by Sections 1324, 1325, Code 1942. We held in Cook v. Friley, 61 Miss. 1: "If the complainant is the real owner of the land, and the defendant either has any evidence of title thereto, or asserts any claim or pretends to have any right or title thereto, which may cast doubt or suspicion on the title of the real owner, such real owner may exhibit his bill against such person to have such evidence of title cancelled or the cloud, doubt or suspicion removed from the title."

To the original bill a general demurrer was interposed on the ground that there was no equity on the face thereof. The chancellor sustained this general demurrer, and the complainant below, appellant here, refusing to plead further, a final decree dismissing the original bill was granted appellee, defendant below. We think the learned

chancellor was in error and that the demurrer should have been overruled, in view of what is said, supra.

The decree of the chancery court therefore will be and is reversed and the cause remanded.

Reversed and remanded.