CITY OF NATCHEZ *v.* HENDERSON.

In Banc. June 13, 1949.

No. 37152. (41 So. (2d) 41)

**G. H. Brandon**, for appellant.

Laub, Adams & Forman, for appellee.

Alexander, J.

The City of Natchez instituted proceedings in eminent domain against certain lands of appellee constituting approximately one acre as a site for a water tower and accessory equipment in order to enlarge its water supply and sewerage facilities.

Henderson petitioned for writ of prohibition against the eminent domain court, alleging as grounds those mentioned in Code 1942, Section 2782. The issues triable thereunder, and to which our inquiry is limited, are (1) whether appellant is such legal entity as is entitled to exercise the right of eminent domain; and (2) whether there is a public necessity for the taking of the particular property. From a judgment granting the writ, the City appeals.

The record shows that over a period of one and a half years, twenty different sites had been examined by competent engineers. The land of appellee was found to be the most suitable and economical in cost and maintenance. It was located upon the highest ground available. The testimony was overwhelming that a public necessity now exists for the installation of the tower. Much of the testimony for appellee was directed to the availability of other sites.

 A decision by the City that a particular site is best adapted to its proposed public use is legislative and is not reviewable by the courts. It is not to be restricted in its choice between two or more available sites. Ham v. Levee Commissioners, 83 Miss. 534, 35 So. 943; City of Greenwood v. Gwin, 153 Miss. 517, 121 So. 160; 29 C. J. S., Eminent Domain, Secs. 90, 91; 18 Am. Jur., Eminent Domain, Sec. 108. The learned circuit judge found as a fact that a public necessity existed for an additional water tower. The issue whether the contemplated use is public is of course a judicial one. Miss. Constitution 1890, Sec. 17. His granting of the writ was grounded upon the availability of other suitable sites. As has already been stated, this is not determinative nor controlling, and therefore not a subject of judicial review. The judge was moved in some degree by a consideration for the appellee whose disappointment over the expropriation of his land was repeatedly made manifest.

No serious contention is pressed that the City of Natchez had no right to take the lands for public use in the manner and for the purposes proposed. Certain practical considerations are advanced which are aimed at an asserted unwisdom of the City, interpreted in the light of the time and place involved and alleged economic disadvantages. Such contentions, even if more convincingly supported, as they were not, involve an exercise of legislative discretion.

 It is finally contended that proceedings in eminent domain were authorized and directed by resolution

rather than by ordinance. The City of Natchez operates under legislative charter, which provides that the City may exercise the right of eminent domain. It also provides that "all deeds and contracts necessary to be made by said corporation in writing shall be authorized by resolution of the council. . . ." Had the appellant been successful in its private negotiations with appellee, its contract may properly have been authorized by resolution. It is true that proceedings under our statutes are generally by ordinance. But, we do not seek to justify the proceeding by mere reasoning. The distinction between the two devices when applied to a specific act is one of language only. It is the formal attested action of the council expressive of its determination that counts.

It was stated in New Orleans & N. E. R. Co. v. City of Picayune, 164 Miss. 737, 145 So. 101, 102: "A resolution is not required to contain the formalities of an ordinance, for, generally speaking, a resolution is merely a declaration of the will or mind of the municipal council, and no set form or arrangement of words is essential to that declaration so long as it may be fairly found from the language used that there has been an actual expression of the will or mind of the council. 43 C. J., p. 519; Sawyer v. Lorenzen, 149 Iowa, 87, 127 N. W. 1091, Ann. Cas. 1912C, 940, 942. Applying this statement of the rule to the facts in respect to the resolution here in question, we think that there is enough to be found in the resolution for the court to be able to say with confidence that the municipal authorities did by the resolution make the declaration of necessity and in a manner sufficiently evidenced on the minutes to form the legal basis of the subsequent proceedings."

In Evans v. City of Jackson, Miss., 30 So. (2d) 315, 317, it was held that: ██ ██ "An ordinance is enacted to regulate continuing conditions, and constitutes a permanent rule of government. An order deals with temporary powers, and when it has been promulgated and accomplished its purpose, it ceases to have further poten-

tiality. Its usefulness usually ends with the performance of directions. An ordinance generally continues to operate until formally repealed. A resolution 'is merely declaratory of the will of the corporation in a given matter, and in the nature of a ministerial act.' 43 C. J. 519, Sec. 798, Municipal Corporations.'' See also Hawkins v. City of West Point, 200 Miss. 616, 27 So. (2d) 549.

We are not, in view of our conclusions, required to pass upon the admissibility of certain testimony on behalf of appellee. Since the City was authorized to declare its purpose by resolution on a matter within its competence, and since the facts of a public use and necessity were found by the trial judge to exist, we are led to the result that the writ was improvidently granted.

Reversed and writ of prohibition vacated.