Mississippi State Highway Comm., et al. *v.* Fuller, et al.

No. 39805 June 13, 1955 80 So. 2d 814

*F. B. Collins,* Laurel; *M. M. Roberts,* Hattiesburg, for appellees.

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson, for appellants.

*F. B. Collins,* Laurel; *M. M. Roberts,* Hattiesburg, for appellees.

Holmes, J.

The appellees, W. L. Fuller and others, claiming to be property owners and taxpayers in the City of Laurel in Jones County, Mississippi, acting for and on behalf of themselves and other property owners and taxpayers as a class in the City of Laurel in Jones County, filed their original and amended bill against the Commissioners of the Mississippi State Highway Commission, the Director of the Mississippi State Highway Department, and the Chief Engineer of the Mississippi State Highway Department, seeking to enjoin the named defendants from proceeding with the proposed construction of a freeway through the City of Laurel to become a part of the Mississippi State Highway System.

The bill charged that the proposed freeway has been objected to by a great majority of the taxpayers, home owners, and business citizens of the City of Laurel and

territory adjacent thereto because of the unnecessary mass destruction of homes, the unnecessary expenditure of public funds therefor, the circuitous route to be followed thereby and the proposed plan of construction; that the plans contemplate the construction of a fill 300 feet in width at the base and 30 feet in height, extending through and across some of the most valuable property in the City of Laurel, affecting some 200 homes and requiring the vacating of some twenty existing streets; that the freeway will extend through the hospital grounds of the new Jones County Community Hospital which was constructed at a cost of approximately $1,000,000 paid for with public funds derived from the taxpayers; that the freeway will appropriate some seven and one-half acres of the hospital grounds and will come within one hundred feet of hospital buildings, obstructing the view, light and air of those in the hospital, creating disturbing noises from traffic over the freeway, and thereby generally destroying the peace, quiet, and comfort of patients in the hospital; that the proposed freeway is estimated to cost $8,500,000, whereas a more available route could be selected and the freeway constructed at a cost of $2,500,000, thus resulting in a saving to the taxpayers of $6,000,000; that a committee of citizens and public officials of the City of Laurel journeyed to Washington, D. C. to confer with the Honorable G. M. Williams, Acting Deputy Commissioner of the Federal Bureau of Public Roads, which is partially interested in the proposed construction, and that it was there determined that the Federal Bureau of Public Roads would approve certain desirable changes in the location of the freeway, and that this was made known to the Commission and the Commission rejected the same because of the arbitrary attitude and action of its chief engineer; that the attitude of the chief engineer was arbitrary and vexatious; that the governing body of the City of Laurel has, pursuant to the requirements of the Commission, adopted a resolution whereby it was under-

taken to bind the City of Laurel to save harmless the State Highway Commission from any and all damages to public property and public structures arising or to arise out of the proposed construction of the freeway, and to indemnify the State Highway Commission from any and all damages caused by the change in grade or grades of any street or streets, granting to the State Highway Commission the full use of any and all streets or portions thereof lying within the proposed right of way limits, and further binding the City of Laurel to save harmless the State Highway Commission from any and all costs and/or damages arising or to arise on account of the necessity and actual moving of power lines, poles, water mains, and sewer mains, and utility appurtenances, except such of the utility appurtenances of the utility companies as they themselves have agreed to move; that churches in the area will be disturbed in the free exercise of their religious worship and faith; that the expenditure of eight and one-half million dollars to construct the proposed freeway will be an unnecessary waste of public funds; that the action of the Commission in undertaking to proceed with the plan of construction is arbitrary and characterized by fraud and constitutes a gross abuse of discretion; that the complainants are without an adequate remedy at law, and that unless the Commission and its officials are enjoined from proceeding with the proposed plan for the construction of said freeway, the complainants will suffer irreparable injury. The bill prayed injunctive relief.

The appellants filed a demurrer to the original bill as amended, assigning as grounds therefor (1) that there was no equity on the face of the bill and (2) that the complainants have a full and complete remedy at law.

On the hearing of the demurrer, the appellants challenged the jurisdiction of the court as they were entitled to do under the assigned grounds of the demurrer that the appellees have a full, adequate and complete remedy at law. Griffith, Mississippi Chancery Practice (2d ed.

1950), Sec. 290. It was the contention of the appellants that the chancery court was without jurisdiction to determine the question of public necessity and grant the injunctive relief prayed for, and that the appellants have Section 2782 of the Code of 1942, granting the legal remedy by way of prohibition to test the questions (1) whether the applicant seeking to exercise the right of eminent domain is such a legal entity as is entitled to the right, and (2) whether there is a public necessity for the taking of the particular property proposed to be condemned.

The court entered a decree overruling the demurrer, and from this interlocutory decree the appellants were granted an appeal under Section 1148 of the Code of 1942 to settle the controlling principles of the case. The appellees have made a motion to dismiss the appeal upon the ground that it was unauthorized under the provisions of Section 1148 of the Code of 1942. The case is before us on the motion to dismiss the appeal and on the merits. In view of the fact that the appeal involves the question of the jurisdiction of the chancery court, we are of the opinion that the chancellor was warranted in granting the appeal from the interlocutory decree, and the motion to dismiss the appeal is accordingly overruled. Erwin v. Miss. State Highway Com., 213 Miss. 885, 58 So. 2d 52.

The sole question presented on the merits of the appeal is whether or not the chancery court has jurisdiction to determine the question of the necessity for the proposed freeway under the allegations of the bill as amended. It is, of course, elementary that the demurrer admits all of the material facts properly pleaded in the bill as amended. For the purposes of this appeal, therefore, we treat as true the material facts alleged in the bill as amended.

In dealing with the question presented, we call attention to some of the pertinent constitutional and statutory provisions.

Section 17 of the Constitution of 1890 provides that private property shall not be taken for public use except on due compensation being first made to the owner, and the question whether the contemplated use be a public use is made a judicial question. The public use of the property necessary to be appropriated for the proposed freeway is not questioned.

Section 170 of the Constitution of 1890 provides that the board of supervisors shall have full jurisdiction over roads, etc., to be exercised in accordance with such regulations as the legislature may prescribe, provided, however, that "the legislature may have the power to designate certain highways as state highways, and place such highways under the control and supervision of the State Highway Commission for construction and maintenance."

Section 8038 of the Code of 1942 created the State Highway Commission and prescribed its powers, and committed to the commission general supervision over all matters relating to the construction or maintenance of state highways, letting of contracts therefor, selection of materials to be used in construction, and conferring upon the commission the exclusive control over all highways constituting a part of the State Highway System, "with full power to change, relocate or alter the grade or location thereof as may be deemed necessary or economical in the construction or maintenance thereof; to acquire by gift, purchase, condemnation, or otherwise, land or other property whatsoever that may be necessary for a state highway system as herein provided . . ."

Section 2782 of the Code of 1942 grants the legal remedy by way of prohibition for the purpose of testing the questions (1) whether the applicant seeking to exercise the right of eminent domain is in character such a corporation, association, district, or other legal entity as is entitled to the right, and/or (2) whether there is a public necessity for the taking of the particular property or a part thereof which it is proposed to condemn.

It is the earnest contention of the appellants that on the record before us the chancery court is without jurisdiction to determine the question of public necessity and to grant the relief prayed for. We are of the opinion that the allegations of the bill as amended, which are undenied by answer and admitted to be true by the demurrer, are sufficient to charge that the action of the Commission and its officials in undertaking to proceed with the proposed freeway in accordance with the proposed plan of construction is arbitrary and constitutes an abuse of discretion. The appellants rely upon the cases of Ham v. Levee Commissioners, 83 Miss. 534, City of Greenwood v. Gwin, et al., 153 Miss. 517, 121 So. 160, City of Natchez v. Henderson, 207 Miss. 14, 41 So. 2d 41, and Erwin v. Miss. State Highway Com., 213 Miss. 885, 58 So. 2d 52.

We think these cases are clearly distinguishable from the case at bar. In none of these cases is there present the element of abuse of discretion. In the case of Ham v. Levee Commissioner, supra, the complainants filed a bill praying an injunction against the Levee Commissioners to restrain them from abandoning certain old levees and building new ones. On the filing of the bill a temporary injunction was granted by the chancellor restraining the levee board. The levee board filed its answer to the bill, denying the material allegations thereof. There was a motion to dissolve the temporary injunction. The case was heard on bill, answer, motion to dissolve, and affidavits submitted by both parties. The court, in denying the right of the complainants to an injunction, said:

"The building of the new levee being within the power of the Board of Levee Commissioners and the taking of the private property being judicially determined to be for a public use, the courts will not place judicial restraint upon the manner in which the board, in the exercise of its discretion, uses the power providentially delegated to it by the State. It is for the courts to determine that the proposed taking is for a public use, but, this being so

decided, it is for the commissioners to decide upon the necessity of such taking . . . Courts will interfere and review the exercise of the discretion of those to whom the power of eminent domain has been delegated by the legislative enactment only in exceptional cases — as when property is appropriated for private purposes under the guise of public use, or if the condemnation is sought for private gain, or for willful or malicious purposes, or to injure or destroy the rights of other parties, or that they acted without warrant of law and oppressively."

The Court, in holding that the case did not fall within the exceptions, stated: "The good faith of the board of levee commissioners in locating the proposed levee and taking the land of complainants is not impugned . .

In the case of City of Greenwood v. Gwin, et al., supra, the complainants filed their bill in chancery against the City of Greenwood to enjoin the latter from the further prosecution of an eminent domain proceeding, by which proceeding the City sought to condemn a joint right with the complainants to construct and maintain a water works and sewage system under the streets, alleys, and avenues of the Boulevard Addition to the City of Greenwood. A temporary injunction was issued in accordance with the prayer of the bill. The defendant answered and moved to dissolve the injunction on the pleadings and exhibits thereto, which motion was overruled. This Court, in reversing the judgment of the trial court and in dissolving the injunction, held that Section 17 of the Constitution makes it a judicial question as to whether the contemplated use for which property is sought to be condemned is a public use, but it does not authorize the court to determine the public necessity for the taking. The Court said that the mayor and commissioners of the City of Greenwood alone could decide that question and that their decision was conclusive unless brought about by fraud or abuse of discretion. The Court then added: "There is nothing in the record in this case show-

ing or tending to show that their determination of the question of public necessity was the result of either fraud or an abuse of discretion.''

In the case of City of Natchez v. Henderson, supra, Henderson petitioned for a writ of prohibition against eminent domain proceedings instituted by the City to condemn certain lands consisting of approximately one acre as a site for a water tower and accessory equipment in order to change its water supply and sewage facilities. The record showed that over a period of one and a half years, twenty different sites had been examined by competent engineers. The land of the complainant was found to be the most suitable and economical in cost and maintenance. It was located upon the highest ground available. Much of the testimony of the complainant was directed to the availability of other sites. The Court held that whether a particular site is best adapted to its proposed public use is legislative and is not reviewable by the Courts. In that case, however, there was no suggestion of arbitrary action or abuse of discretion on the part of the city authorities.

The case of Erwin v. Mississippi State Highway Commission, supra, involved the question as to whether the chancery court had jurisdiction to test the issue of public necessity by enjoining the State Highway Commission from prosecuting an eminent domain suit in the county court, in the absence of exceptional circumstances characterized by fraud or abuse of discretion. The Court held in that case that Section 2782 of the Code of 1942 establishes the exclusive remedy and tribunal for determining the question of public necessity, in the absence of fraud or a manifest abuse of the condemning agency's discretion. The Court said:

''In brief, there is no way to test judicially the issue of public necessity except by a petition for a writ of prohibition under Code Section 2782. A possible exception to this rule is where there are exceptional circumstances characterized by fraud or abuse of discretion of the con-

demning agency, but we do not consider or decide
that factor here because the averments of the original and
amended bills do not state a cause of action under that
asserted requirement and exception . . ."

 We think that an analysis of the foregoing cases
clearly sustains the jurisdiction of the chancery court
to grant injunctive relief where the act of the condemn-
ing agency is characterized by a clear abuse of discre-
tion. It should be emphasized, however, that, in order
to vest the chancery court with jurisdiction to determine
the question of public necessity, the abuse of discretion
on the part of the condemning agency should be shown
by clear and convincing evidence. In the case be-
fore us, the allegations of the bill as amended clearly
charge an abuse of discretion. This charge is not an-
swered but is admitted by the demurrer. Whether on
answer being filed and a hearing had on the merits of
the cause the complainants will be able to establish the
truthfulness of the allegations of their bill by clear and
convincing evidence is not before us. We hold only that
the allegations of the bill as amended are sufficient to
charge an abuse of discretion on the part of the Com-
mission and its officials and to require an answer and a
hearing of the cause on its merits.

It follows that we are of the opinion that the chan-
cellor was correct in overruling the demurrer and that
his decree should be and it is affirmed and the cause
remanded for further proceedings not inconsistent with
this opinion.

Motion to dismiss appeal overruled, decree affirmed,
and cause remanded.

All justices concur.