JONES, Justice.
Appellant filed his petition with the circuit judge of Washington County, Mississippi, seeking a writ of prohibition against appellee to prevent the exercise of the right of eminent domain for a pipeline easement. From a dismissal of the petition appellant appeals. We affirm.
The petition was filed under the provisions of section 2782, Mississippi Code 1942 Annotated (Supp. 1966).
Two issues must be resolved at a hearing on such a petition: (1) whether the applicant is an entity entitled to exercise the right of eminent domain; (2) whether there is a public necessity for the taking of the particular property or a part thereof which is proposed to be condemned.
There was no question presented at the hearing as to whether appellee was an entity entitled to the right of eminent domain. § 2780, Miss.Code 1942 Ann. (Supp. 1966).
Appellee was an interstate company under the supervision of the Federal Power Commission, which had granted to appellee a certificate of public convenience and necessity for the construction of said line. Appellant conceded that public necessity required the construction of the pipeline in question.
There were two questions in this case. It was asserted that appellant, having theretofore granted rights-of-way to appel-lee for the construction of a pipeline, entered into an agreement whereby appellee agreed that no other lines would be constructed across the property of appellant, appellee thereby being estopped to exercise the right of eminent domain. While we do not so read and understand the agreement relied upon, conceding for the sake of argument there was such an agreement, it would be void as against public policy. The power of eminent domain is given as a public trust to be used when the public need requires it, and private contracts cannot stand in the way. 26 Am.Jur.2d Eminent Domain § 2, 26 Am.Jur.2d Eminent Domain § 17.
 The second issue presented was whether a 50-foot right-of-way sought by appellee was necessary or whether a 25-foot right-of-way would be sufficient; and whether the additional 36-inch high pressure line might be placed on the rights-of-way already obtained. The question of public use is always a judicial question, but whether there is a public necessity for a taking is essentially a legislative question. The location of the line and the amount of property required therefor are legislative and within the discretion of the condemnor. Such discretion will not be interfered with except where fraud or an abuse thereof is shown. The burden of such showing is on the landowner. Pearl River Valley Water Supply District v. Brown, 248 Miss. 4, 156 So.2d 572, 158 So.2d 694 (1963); City of Natchez v. Henderson, 207 Miss. 14, 41 So. 2d 41 (1949). In this case there was no evidence of fraud, and the testimony introduced by appellant fell short of meeting the burden of proof to establish abuse of discretion. Petitioner introduced an engineer *918 who had not seen the property and whose answers did not condemn the necessity of a 50-foot-wide pipeline right-of-way. This testimony was based upon assumptions that were not established; and he, on cross-examination, admitted that many rights-of-way for high pressure lines were 50 feet in width and that same was conventional and desirable even though there were some pipeline rights-of-way 25 feet in width. He also said he could not condemn the engineering as shown by the maps that appellee introduced. As stated, this evidence does not establish that there was an abuse of discretion. All other evidence was by the property owner, who said another pipeline company had at one time purchased a 75-foot right-of-way and had put two lines on that right-of-way. This statement also as we see it fails to meet the burden of proof.
For the reasons stated, the case is' affirmed.
Affirmed.
GILLESPIE, P. J., and INZER, SMITH and ROBERTSON, JJ., concur.