526 So.2d 534 (1988)
STATE FARM INSURANCE COMPANY
v.
Frank H. GAY, Jr.
No. 57349.
Supreme Court of Mississippi.
June 3, 1988.
William M. Dalehite, Jr., Steen, Reynolds, Dalehite & Currie, Jackson, for appellant.
C.R. McRae, Margaret P. Ellis, Pascagoula, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This action concerning notice for nonpayment of an insurance premium comes to this Court from the Jackson County Chancery Court, in which the opinion and order of the Commissioner of Insurance rendered May 3, 1983, was affirmed. For the reasons stated below, we reverse.
In January, 1982, State Farm Insurance Company (State Farm) issued an insurance policy for a vehicle owned by Frank H. Gay, Jr. Gay subsequently renewed the policy in July, 1982, January, 1983, and July, 1983. As a part of the agreement between the parties, premiums were to be paid every six (6) months; however, Gay followed State Farm's alternate billing plan in which he paid fifty percent (50%) of the premium due within the established time and the remaining fifty percent (50%) plus $2.00 service charge to be paid within sixty (60) days from the due date. A renewal premium in the amount of $183.28 became due on July 13, 1983, and State Farm through its agent Glen Reeves allowed Gay a grace period of twenty-two (22) days to pay without interruption of coverage. Gay paid $100.00 within this period, leaving a balance due of $83.28. This balance plus service charge fell due on October 20, 1983.
On October 6, 1983, a notice of cancellation was mailed to Gay at his address listed on the policy. Gay had since moved from that address (a home belonging to his *535 mother) but had failed to inform State Farm of the change. State Farm, at the time of trial, presented into evidence a certificate of mailing proving such letter was sent.
The effective date of cancellation of Gay's policy for nonpayment of the premium totalling $85.28, was 12:01 a.m. October 20, 1983.
Testimony adduced at trial indicates that Gay's mother collected his mail and delivered it to Gay, who now resided just around the corner from her, and periodically paid Gay's premiums for him. Reeves stated that Gay's mother had phoned him on October 20, 1983 to see if she could pay the premium on that date. Nevertheless, both Gay and his mother denied ever receiving the notice of cancellation.
On October 27, 1983, Gay's brother was involved in an accident while driving Gay's car. The vehicle was "totalled" and a report was made several days later upon Gay's return to town.
On or about November 2, 1983, Gay was contacted by an adjuster from State Farm who advised Gay the company could not handle the claim because the policy had been cancelled.
Aggrieved of this, Gay filed an appeal with the Commissioner of Insurance, in which action Gay claimed State Farm had violated Miss. Code Ann. § 83-11-5 (1972), our statute providing Notice of Cancellation of a policy. A hearing was held before a designated representative of the Commissioner on May 1, 1984, who found in favor of Gay in that his policy was in force and effect at the time of the accident.
Appeal of the Commissioner's order was filed in the Jackson County Chancery Court. On February 14, 1986, the chancellor upheld the ruling of the Commissioner, and State Farm seeks review of that ruling in this Court, assigning as error the chancellor's finding that the policy was in effect at the time of the accident as well as his finding that our law requires in cases of cancellation of insurance for nonpayment of premium actual receipt of notice.
The facts hereinabove set forth go undenied in the record or are found to be true by the administrative agency. We give due deference to the factual findings of the administrative agency and to the chancellor, who adopted the same findings. Our disagreement is with the interpretation of the statutes involved. This Court in 1964 in an opinion by Judge Brady in Employers Mutual Cas. Co. v. Nosser, 250 Miss. 542, 164 So.2d 426 (1964) interpreted an insurance policy that contained the following provision concerning cancellation:
16. Cancellation. This policy may be canceled by the insured named in Item I of the declarations by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the insured named in Item I of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. ... Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender or unearned premium is not a condition of cancellation. (Emphasis in original).
The Court held that the language was plain and unambiguous and the cancellation in accordance with the terms thereof was effective, holding that the mailing of the notice with proper proof thereof was sufficient proof of notice.
Thereafter, the Legislature of the State of Mississippi adopted Chapter 450, Laws of 1970, and in effect ratified the holding of the Court in Employers Mutual Cas. Co. v. Nosser, supra, except to add that the insurer be required to obtain a certificate of mailing. The purpose of the act is given in its title, and reads as follows:

*536 AN ACT to provide that no liability, collision or comprehensive automobile insurance policy may be cancelled except under conditions specified, nor can renewal of such policy be refused except on thirty days' prior written notice; and for related purposes.
Chapter 450 now appears as §§ 83-11-1 through 83-11-21 of Mississippi Code Annotated (1972) and the first section, as expected, defines the various terms. Section 2 (§ 83-11-3) gives the conditions on which the cancellation of a policy shall be effective, one being the non-payment of premium. Among others is the revocation or suspension of drivers' licenses under certain conditions. Section 3 (§ 83-11-5) provides for the notice of cancellation and reads as follows:
Section 3. No notice of cancellation of a policy to which Section 2 applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given. Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen (15) days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation.
This section shall not apply to nonrenewal.
Section 4 (§ 83-11-7) provides the grounds for and the methods of notice of nonrenewal. Thirty days advance notice is required of intent not to renew.
Section 5 (§ 83-11-9) reads as follows:
Section 5. Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured by a certificate of mailing at the address shown in the policy, shall be sufficient proof of notice.
The sections following provide, among other things, for a hearing before the Commissioner of Insurance in event of cancellation or nonrenewal and for an appeal de novo by the aggrieved party to the chancery court of the county of the residence of the insured.
The Commissioner, by his representative, decided the matter in accordance with Black v. Fidelity and Guaranty Ins. Co., 582 F.2d 984. In a 1978 opinion of Judge Thornberry of the Fifth Circuit, who wrote that that court was embarking on an Erie[1] journey into a virgin judicial territory which was necessary because this court would not accept certification questions.
We do now accept certifications, and in light of the fact of the Fifth Circuit's failing to read the statute as a whole, we should have in 1978. The Court there stated:
Accordingly, we hold that Section 83-11-5 requires that Notice of Cancellation for non-payment of premium be given at least ten (10) days before the effective date of cancellation and that the timeliness of the notice is to be determined by the date of its receipt rather than by the date of its mailing. If cancellation is for a reason other than non-payment, the notice may be mailed or delivered at least twenty (20) days before the cancellation date....
Judge Thornberry embarked upon a lesson in grammatical structure construing only Section 3 (§ 83-11-5) and not the Act as a whole, and found that cancellation for nonpayment of premium should be distinguished from cancellation for other purposes placing greater emphasis upon the use of the word "given" and held that notice of cancellation for nonpayment of premium should actually be received by the insured. Construing the Act as a whole and thereby reaching the full intent of the legislature, Section 5 of the Act (§ 83-11-9) without question applies to all notices mentioned in the Act inasmuch as it applies to "notice of cancellation ... [notice] of intention not to renew, or of reasons for cancellation" *537 without any distinguishment as to reason for cancellation or nonrenewal.
The only reasonable construction of Section 5 applies to all notices mentioned in the statutes, hence the notice of cancellation mailed to the insured at the address shown on the policy was sufficient proof of notice when the certificate of such mailing was produced.
The Fifth Circuit in Henderson v. United States Fidelity & Guaranty Co., 620 F.2d 530 (5th Cir.1980), stated that in Mississippi "notice of non-renewal or cancellation can be proved by production of a certificate of mailing", citing § 83-11-9 of the Mississippi Code Annotated, supra. However, the Court in that decision made no reference to Black v. Fidelity & Guaranty Ins. Co., supra. There is, then, an apparent conflict in the two decisions from the Fifth Circuit, particularly in light of the fact that in Henderson the Court continued as follows:
In interpreting the language of insurance contracts, the Supreme Court of Mississippi has held that the agent's testimony that the letter was mailed and a post office certificate are adequate proof of notice. See, Transamerica Insurance Co. v. Bank of Mantee, 241 So.2d 822, 824-25 (Miss. 1972) (on rehearing), interpreting Employers Mutual Casualty Co. v. Nosser, 250 Miss. 542, 164 So.2d 426 (1964).
In construing statutes unthought of results should be avoided and no unwise purposes should be imputed to the legislature when reasonable construction is possible. Leaf Hotel Corp. v. City of Hattiesburg, 168 Miss. 304, 150 So. 779 (1933).
The interpretation given the statute by the Fifth Circuit in Black permits the insurance companies to cancel automobile coverage by mailing a notice to the address given by the insured if the cancellation were to be because of revocation or suspension of a driver's license, while on non-payment of premium the policy would continue in effect until the company was able to personally confront the policyholder.
We cited the title to the Act not for the purpose of showing its entire scope and purpose but for aid in ascertaining legislative intent or relieving ambiguity in the body of the Act (though we see none). Board of Trustees of Kingston Consolidated School District v. Forman, 233 Miss. 42, 101 So.2d 102 (1958). Obviously the purpose of the Act was to provide for a uniform method of cancellation and non-renewal of automobile insurance policies. It is our duty to meet the real meaning of the framers. Grady v. John Hancock Mutual Ins. Co., 342 So.2d 295 (Miss. 1977); Gift v. Love, 164 Miss. 442, 144 So. 562, 86 A.L.R. 63 (1932).
Reading § 83-11-9, Mississippi Code Annotated (1972) in association with the prior sections of the Act concerning notices, we are compelled to hold that the language there applies to all cancellations.
"Noscitur a sociis is a familiar maxim and is useful in the construction of statutes." These are the words of Judge Campbell in McGehee v. Field, 2 Miss.Dec. 25[2] written in 1881.
Associated words take their meaning from one another under the doctrine of "noscitur a sociis", the philosophy of which is that the meaning of a doubtful word may be ascertained by reference to words associated with it. Evans v. City of Jackson, 202 Miss. 9, 30 So.2d 315 (1947).
Chief Justice Taney of the United States Supreme Court held in 1850 that courts should not give such interpretations to statutes that would render any part thereof inefficient and nugatory, but in explaining a statute, the courts must not be guided by a single sentence or part of a sentence, but must look to the provision of the whole law and to its object and policy. U.S. v. Boisdore's Heirs, 49 U.S. 113, 8 How. 113, 12 L.Ed. 1009.
We have consistently held that if any conflict exists we construe the statutes as a whole and give effect to all of its provisions. *538 Pearl River Valley Water Supply District v. Hinds County, 445 So.2d 1330 (Miss. 1984); Boring v. State, 365 So.2d 960 (1979); Broadhead v. Monaghan, 238 Miss. 239, 117 So.2d 881, (1960), citing 82 C.J.S., Statutes § 345; Kellum v. Johnson, 237 Miss. 580, 115 So.2d 147 (1959); Scott Building Supply Corp. v. Miss. State Tax Commission, 235 Miss. 22, 108 So.2d 557 (1959), and numerous others.
Finally, our holding here is consistent with what the parties agreed to. The policy contains the following provision:
How and When We May Cancel. We may cancel your policy by written notice, mailed to your last known address. The notice shall give the date cancellation is effective. The mailing of it shall be sufficient proof of notice.
If we mail or deliver a notice of cancellation to you during the first 59 days following the policy effective date, the cancellation notice will be mailed to you at least 10 days before the cancellation effective date.
After the policy has been in force for more than 59 days, any notice of cancellation will be mailed to you at least:
a. 10 days before the cancellation effective date if the cancellation is because you did not pay the premium.
b. 20 days before the cancellation effective date if the cancellation is because of any other reason.
We held in Employers Mutual Cas. Co. v. Nosser, supra, that under similar language the cancellation was effective with proper proof of mailing. Here we have the proof required by statute. Without naming the jurisdictions but referring to 40 ALR 4th 867 (1985), "ACTUAL RECEIPT OF CANCELLATION NOTICE MAILED BY INSURER AS PREREQUISITE TO CANCELLATION OF INSURANCE," we state that a holding here is consistent with that of the vast majority of the jurisdictions in this country.
We decide no issue here except the narrow question presented by the insured in his notice of appeal to the commissioner which, in effect, is no more than the meaning of the word "given" in § 83-11-5, with the conclusion that proof of mailing satisfies the notice requirement. Any other factual questions are still subject to debate in a proper forum. See, e.g., State Farm Mut. Auto. Ins. Co. v. Lindsey, 388 So.2d 1189 (Miss. 1980).
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
NOTES
[1] Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[2] Interestingly, this quote comes from a case interpreting the statute as to when a judgment from the justice of the peace court became a lien. The subject matter of the lawsuit was a mule.