759 So.2d 430 (2000)
Scotty BRANCH, Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 1998-CA-01438-COA.
Court of Appeals of Mississippi.
January 11, 2000.
Rehearing Denied March 28, 2000.
*431 Dana J. Swan, Clarksville, Attorney for Appellant.
Gerald H. Jacks, Thomas B. Janoush, Cleveland, Attorneys for Appellee.
BEFORE KING, P.J., BRIDGES, LEE, AND MOORE, JJ.
LEE, J., for the Court:
¶ 1. Scotty Branch originally filed an action against State Farm Fire and Casualty Company and General Motors Acceptance Corporation in the County Court of Coahoma County seeking benefits under policies of insurance, as well as punitive damages for failure to pay said insurance benefits. State Farm filed a motion for summary judgment in the county court and the court granted said motion. Subsequently, *432 Branch filed a motion to reconsider the granting of summary judgment. The county court denied this motion. Branch appealed the granting of summary judgment by the county court to the Circuit Court of Coahoma County. On August 20, 1998, the circuit judge of Coahoma County affirmed the entry of summary judgment in favor of State Farm Fire and Casualty Company. Feeling aggrieved by the entry of the summary judgment, Scotty Branch filed a timely appeal to this Court. On appeal Branch presents two issues for this Court's review: (1) whether the trial judge erred in granting the motion for summary judgment filed and presented by State Farm Fire and Casualty Company, and (2) whether a material issue of fact remained to be resolved by a jury relative to receipt of notice of cancellation of insurance. Finding these issues to be without merit, we affirm the decision of the circuit court.

FACTS
¶ 2. On February 13, 1996, Scotty Branch purchased automobile insurance for his 1995 Chevrolet Blazer, as was required by his lease agreement with GMAC, and likewise understood GMAC would insure or provide coverage for the vehicle in the event of lapse of coverage with State Farm. Branch paid the insurance premiums by having State Farm take monthly drafts from his bank account. Subsequently, after Branch had become an insured with State Farm, State Farm discovered that Branch's driving record contained incidents of speeding and reckless driving. On March 21, 1996, State Farm mailed Branch a letter notifying him that due to his driving record his insurance would be canceled effective April 20, 1996, at 12:01 a.m. standard time. Additionally, State Farm sent an e-mail to GMAC notifying them that they were canceling the policy of insurance for Branch. In March 1996, State Farm obtained the last bank draft to pay the monthly insurance premium. According to the complaint contained within the record, on or about May 28, 1996, Branch was driving the 1995 Chevrolet Blazer and was involved in an accident. Branch notified State Farm of the accident, and State Farm denied coverage and refused to pay benefits due to the previous cancellation of the policy of insurance.
¶ 3. Branch filed an action against State Farm and GMAC to recover damages for the accident. Branch argued that he never received the notice of cancellation from State Farm regarding the insurance policy he had obtained for the 1995 Blazer; therefore, the cancellation was not in effect, and he was entitled to benefits as stated in the policy of insurance.
DISCUSSION
I. WHETHER THE TRIAL JUDGE ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED AND ARGUED BY STATE FARM FIRE AND CASUALTY COMPANY.
II. WHETHER A MATERIAL ISSUE OF FACT REMAINED TO BE RESOLVED BY THE JURY RELATIVE TO RECEIPT OF NOTICE OF CANCELLATION.
¶ 4. Branch argues that the trial judge erred when he granted summary judgment since material issues of fact remained to be resolved. Branch asserts that there were three issues of fact that were in dispute and should have been determined by a jury. Those issues being: (1) whether or not Branch received notice of the cancellation of insurance, (2) whether or not Branch should have realized that State Farm ceased to draft monthly premiums from his bank account, and (3) whether State Farm followed proper procedures to effectuate the cancellation of the policy of insurance.
¶ 5. State Farm argues that they properly followed the procedures enumerated in Miss.Code Ann. §§ 83-11-5 and 83-11-9 (Rev.1999) regarding notice of cancellation and proof for said cancellation; *433 therefore, Branch was notified that he was not insured at the time of the accident, and no benefits were owed. Miss.Code Ann. § 83-11-5 (Rev.1999) in portion reads as follows: "No notice of cancellation of a policy to which Section 83-11-3 applies shall be effective unless mailed or delivered by the insurer to the named insured at least (30) days prior to the effective date of cancellation; ... the insurer will specify the reason for such cancellation." Miss. Code Ann. § 83-11-9 states: "Proof of mailing of notice of cancellation, or of intention not to renew, or of reasons for cancellation to the named insured by a certificate of mailing, at the address shown in the policy, shall be sufficient proof of notice." Before this Court addresses the merits of the issues presented by Branch, we note that under most circumstances a litigant should be entitled to his day in court and have the issues decided by a jury. We are mindful that cases should be dismissed sparingly under the mechanism of summary judgment. The standard of review applied by this Court in reviewing the granting of a motion for summary judgment by the trial court allows this Court to review all the facts and applicable law in a case for a second time.
¶ 6. When this Court reviews the granting of summary judgment by a trial court we review the record de novo to determine if the motion for summary judgment was properly granted. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993). In reviewing the record de novo this Court reviews all the evidentiary matters contained within the record, such as "admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." Id. We review all of this evidence in the light most favorable to the non-moving party. Id. A motion for summary judgment should be denied unless it is established that the trial court finds, beyond any reasonable doubt, that the plaintiff would be unable to prove any facts to support the issues presented in the complaint. Id. "Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." Id.; see also Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983).
¶ 7. The party which has filed the motion for summary judgment bears the burden of persuading the trial judge that no genuine issue of facts exists, and due to existing facts that they are entitled to judgment as a matter of law. Daniels, 629 So.2d at 600. At the time of the hearing on the motion for summary judgment both parties bear the burdens of production of proof that they would at trial. Id. If the non-movant would bear the burden of proof at trial on the issue in question, this party must produce supportive evidence with significant and probative value. Id. With this being said, however, in the case at bar, there are no issues of fact or law which must be decided by a jury. This Court will begin review of the case at bar by addressing the final argument presented by Branch.
¶ 8. Branch concluded his argument by asserting the trial court erred when it granted summary judgment because the proper procedure was not followed by State Farm to effectuate the cancellation of the policy of insurance. In particular, Branch argues that a legal issue remains as to whether or not State Farm effectively canceled the policy of insurance by using a certificate of mailing, rather than establishing proof of cancellation by utilizing registered or certified mail. This contention is addressed by State Farm Ins. Co. v. Gay, 526 So.2d 534, 536-37 (Miss. 1988). In that case the court relied on Miss.Code Ann. §§ 83-11-5 and 83-11-9 and concluded that when a certificate of mailing relative to the notice of cancellation is produced and it contains the address shown on the policy, it is sufficient notice of cancellation. In the case at bar, the record contains a copy of the certificate of mailing which was stamped by the post office and contained the admitted correct address which was listed in the policy of insurance; therefore, this established *434 sufficient proof of notice of cancellation without the additional requirement of sending the letter by registered or certified mail. Additionally, in the deposition of the underwriter for State Farm, he testified that the letter notifying Branch of the cancellation of the policy of insurance was not received in the returned mail. Even though sufficient proof of notice was established by State Farm when they produced the certificate of mailing, later case law determined that the certificate of mailing only creates a rebuttable presumption that notice of cancellation was received. Carter v. Allstate Indem. Co., 592 So.2d 66, 67 (Miss.1991).
¶ 9. In Carter, the Mississippi Supreme Court determined that the mere production of a certificate of mailing was not conclusive proof that the insured actually received the notice of cancellation. Id. at 66. Rather, the certificate of mailing raised a rebuttable presumption and shifted the burden of proof to the plaintiff. Id. If the insured rebuts this presumption it creates a triable issue of fact. Id. However, a mere denial of receipt by the insured that they did not receive the notice of cancellation is not sufficient to rebut the presumption and raise a jury question regarding non-mailing so long as the proof of mailing is adequate. Id. at 70, see also Employers Mut. Cas. Co. v. Nosser, 250 Miss. 542, 591, 168 So.2d 119, 120 (1964). Branch bears the burden of providing evidence of "significant and probative value" to rebut the presumption that the notice of cancellation was received.
¶ 10. The record contains an affidavit executed by Branch. The affidavit in essence stated that he had not received the notice of cancellation prior to the motor vehicle accident, and if he had received notice he would have purchased other insurance as he had done in the past. Additionally, Branch was paying the premiums for the policy of insurance by allowing State Farm to make monthly drafts from his bank account. State Farm made the final bank draft in March, and shortly thereafter, on March 21, 1996, State Farm mailed the notice of cancellation. Branch had approximately two months notice prior to his accident that State Farm was no longer obtaining money from his bank account to pay insurance premiums. Additionally, the deposition testimony of State Farm employee, Claude Dement, stated that the policy regarded proof of notice of cancellation sufficient with proof of mailing. Furthermore, State Farm employee, Karen Mundi, testified at her deposition that she had personally delivered the letter addressed to Branch to the post office and had the certificate of mailing stamped. Pursuant to the aforementioned statutory and case law, the denial asserted by Branch, in light of the fact that State Farm ceased to make bank drafts and the testimony of State Farm employees, is not sufficient to rebut the presumption that notice of cancellation was received. Therefore, we find these issues to be without merit, and the granting of summary judgment by the trial judge to be proper.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., AND KING, P.J., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.