# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-IA-00149-SCT

*THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD*

*v.*

*WILLIAM LIPSCOMB, WESTBROOK COOPER, AND HAROLD E. WHITTINGTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2010 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JESSIE WAYNE DOSS, JR. |
| | DAN W. WEBB |
| ATTORNEYS FOR APPELLEES: | PHILIP W. THOMAS |
| | BILL WALLER, SR. |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 12/08/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### CONSOLIDATED WITH

### NO. 2010-IA-00153-SCT

*THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD*

*v.*

*WILLIAM LIPSCOMB, WESTBROOK COOPER, AND HAROLD E. WHITTINGTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2010 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JESSIE WAYNE DOSS, JR. |
| | DAN W. WEBB |

ATTORNEYS FOR APPELLEES:     PHILIP W. THOMAS
                                         BILL WALLER, SR.

NATURE OF THE CASE:      CIVIL - INSURANCE
DISPOSITION:              REVERSED AND REMANDED - 12/08/2011
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLSON, P.J., PIERCE AND KING, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.    On July 7, 2006, a fire occurred at the apartment building rented by Paul Booker Whittington, Jr., and Westbrook Cooper (Plaintiffs). Whittington died from injuries he sustained in the fire, while Cooper was injured but survived. The building was owned by William Lipscomb, and it was located on the same property as Lipscomb's residence. Plaintiffs sued Lipscomb in tort and amended their complaint to seek declaratory judgment against Lipscomb's insurer, the Automobile Insurance Company of Hartford, Connecticut (AIC), on the issue of coverage. AIC filed a motion to sever and a motion for summary judgment, which the trial court denied. AIC filed two separate petitions for interlocutory appeal and requested that the Court consolidate the two issues raised in the separate petitions. After reviewing the complaint, together with the insurance policy and the relevant deposition testimony, we have determined there is no genuine issue of material fact as to the issue of coverage, and that AIC's motion for summary judgment should have been granted.

**FACTS**

¶2.    William Lipscomb owned and maintained his personal residence and rental property in Jackson, Mississippi. This property included a two-story building, set apart from the main

house, that Lipscomb rented out as apartments. The first-floor apartment was rented by Whittington, the decedent, and the second floor was occupied by Cooper.

¶3. On July 7, 2006, the fire started in the garage of the apartment building and spread to both the first and second floors. Cooper was forced to jump from his apartment out of a second-floor window and incurred several injuries. Whittington was unable to escape the fire, as the only door for ingress and egress was engulfed in flames. Whittington later died at a hospital from injuries he sustained in the fire.

¶4. AIC insured the dwelling house owned by Lipscomb. The homeowners policy included personal liability coverage for bodily injury and property damage. After the fire, AIC denied coverage, citing two provisions: the first prevented coverage for bodily injury or property damage "arising out of or in connection with a business engaged in by any insured;" and the second prevented coverage for bodily injury or property damage "arising out of the rental . . . of any premises by any insured." Plaintiffs filed suit against Lipscomb for negligence, wrongful death, breach of building fire codes, breach of contract and implied warranty, and punitive damages. Later, Plaintiffs amended their complaint to include a claim for declaratory judgment against AIC. Lipscomb filed a third-party complaint against his insurance agent, Buddy Oliver, and The Insurance Mart, Inc., for failure to procure insurance coverage that would have protected Lipscomb against the claims asserted by Plaintiffs. The Plaintiffs claim that Oliver bound AIC with statements he made to Lipscomb before and after the fire. Lipscomb denies ever receiving a copy of his policy with AIC prior to the fire.[1]

---

[1]Approximately eight months passed between the time Lipscomb purchased the homeowners policy and the fire.

Oliver's business records show that he mailed a copy of the policy to Lipscomb on November 17, 2005. Oliver further claims that his company, The Insurance Mart, Inc., had procured an estimate for a general liability policy in January of 2006, after Lipscomb had attained his homeowners policy, but that Lipscomb had chosen not to purchase it.

¶5. On July 31, 2009, AIC filed a motion for summary judgment denying coverage and a motion to sever the tort claim and the claim for declaratory judgment. The Honorable Winston Kidd denied AIC's motions. AIC appeals. Because the first issue is dispositive, we decline to address whether the trial court erred in denying AIC's motion to sever.

## DISCUSSION

*Motion for summary judgment*

¶6. This Court reviews a trial court's grant or denial of a motion for summary judgment under a de novo standard.[2] Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." However, to withstand a motion for summary judgment, the nonmoving party must put forth facts sufficient to show that a genuine issue of material fact exists.[3]

*Whether AIC has a duty to defend.*

---

[2] *Price v. Clark*, 21 So. 3d 509, 517 (Miss. 2009) (citing *Arceo v. Tolliver*, 949 So. 2d 691, 694 (Miss. 2006) (citation omitted)).

[3] *Newell v. Hinton*, 556 So. 2d 1037, 1041 (Miss. 1990) (citations omitted).

4

¶7. The threshold issue presented in this appeal is whether AIC has a duty to defend Lipscomb. To answer this question, we must look at the facts alleged in the complaint, together with the policy.[4] An insurance company's duty to defend is not triggered until it has knowledge that a complaint has been filed that contains allegations of conduct covered by the policy.[5] These allegations, and particularly the conduct alleged in the complaint, determine whether an insurer is required to defend an action.[6] No such duty arises when the alleged conduct falls outside the policy's coverage.[7] But where, through independent investigation, an insurer becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage.[8]

¶8. Plaintiffs' complaint included claims against Lipscomb for negligence, breach of building and fire codes, breach of contract and implied warranty, wrongful death, and punitive damages. Plaintiffs also sought a declaratory judgment against AIC.

---

[4]***Baker Donelson Bearman & Caldwell, P.C. v. Muirhead***, 920 So. 2d 440, 450 (Miss. 2006).

[5]***Id***. at 451.

[6]See ***Delta Pride Catfish, Inc. v. Home Ins. Co.***, 697 So. 2d 400, 403 (Miss. 1997).

[7]See ***Farmland Mut. Ins. Co. v. Scruggs***, 886 So. 2d 714, 719 (Miss. 2004); ***Delta Pride Catfish, Inc.***, 697 So. 2d at 403; and ***Moeller v. Am. Guar. & Liab. Ins. Co.***, 707 So. 2d 1062, 1069 (Miss. 1996).

[8]See ***Mavar Shrimp & Oyster Co., Ltd. v. U. S. Fid. & Guar. Co.***, 187 So. 2d 871, 875 (Miss. 1966).

¶9.    When AIC learned of Plaintiffs' claim against Lipscomb, it sent a letter to Lipscomb denying coverage under the following two exclusions:

> Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply to bodily injury or property damage:
>
> . . . .
>
> b.  **Arising out of or in connection with a business engaged in by any insured.**  This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstances involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the business;
>
> c.  **Arising out of the rental or holding for rental of any premises by any insured.** This exclusion does not apply to the rental or holding for rental of an insured location:
>
>> a.  on an occasional basis if used only as a residence.
>>
>> b.  in part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or
>>
>> c.  in part, as an office, school, studio or private garage . . . .

¶10.    In its investigation, AIC deposed Lipscomb.  Lipscomb's deposition testimony revealed the following: that he had built the apartment building for the purpose of renting it, and that it had been rented since its construction; that he had advertised the apartment for rent by placing an "apartment-for-rent" sign in the front yard of his personal residence; that at the time of the fire, his only source of income was rental income; that he had never received a copy of the policy until after the fire; that Buddy Oliver, his agent, had told him before and after the fire that he was fully covered, and that "this will be taken care of you know;" that

6

Oliver knew that he rented rooms in his home, as well as the apartment building behind his house, and that they had discussed his renting situation at social occasions.

¶11. After reviewing the unambiguous language of the policy, the complaint, and the relevant deposition testimony, this Court must come to the conclusion that the conduct alleged in Plaintiffs' complaint is outside the coverage of the policy. Plaintiffs' complaint and Lipscomb's deposition testimony reveal that Lipscomb was operating a business by renting out rooms inside his home, as well as the two rooms in the apartment building behind his home. And it is undisputed that Lipscomb's sole source of income at the time of the fire was his rental properties. Lipscomb's policy with AIC clearly precludes coverage when bodily injury or property damage occurs that arises out of or in connection with a business engaged in by the insured, or that arises out of the rental of any premises by the insured that is not an insured location.[9]  Since the conduct alleged in the complaint falls outside the coverage of the policy, AIC has no duty to defend Lipscomb against Plaintiffs' claims.[10]

**CONCLUSION**

¶12. The terms of the policy expressly preclude coverage when bodily injury or property damage occurs that arises out of or in connection with a business engaged in by the insured, or that arises out of the rental of any premises by the insured that is not an insured location. The record shows that the conduct alleged in the complaint falls outside the coverage of the

---

[9]The policy indicates that the only property insured by the policy was 723 Euclid Avenue, Jackson, Mississippi, 39202. This property was Lipscomb's personal residence. The apartment building had its own separate address: 723 ½ Euclid Avenue, Jackson, Mississippi, 39202.

[10]*See* **Scruggs**, 886 So. 2d at 719; **Delta Pride Catfish, Inc.**, 697 So. 2d at 403; and **Moeller**, 707 So. 2d at 1069.

7

policy. Accordingly, the trial court erred in denying AIC's motion for summary judgment, as no genuine issue of material fact exists as to whether AIC must provide coverage. Accordingly, we reverse and remand for entry of an order consistent with this opinion. AIC is dismissed with prejudice.

¶13. **REVERSED AND REMANDED.**

**CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER AND KING, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. WALLER, C.J., NOT PARTICIPATING.**

**KITCHENS, JUSTICE, DISSENTING:**

¶14. I dissent in the instant case because I believe the majority is remiss in its failure to address the argument by Lipscomb that alleged misrepresentations made to him by the insurance agent, Buddy Oliver, created a duty for AIC to provide coverage under the homeowner's policy. As evidence of this, the plaintiffs cite the deposition of Lipscomb, wherein he attested that his agent, Oliver, had actual knowledge that Lipscomb was renting out the detached, garage apartment where the injured plaintiffs were residing at the time of the fire. Lipscomb contends that, in spite of this knowledge, Oliver assured Lipscomb that his homeowner's policy would cover the rented portions of the property. Moreover, Lipscomb attested that he never received this policy, and thus, had no actual knowledge that his coverage did not include the rental property. According to Lipscomb, because he detrimentally relied on the agent's incorrect representations, he did not procure another policy that would have covered the claims of the injured plaintiffs.

¶15. Because a genuine issue of material fact remains with respect to whether Lipscomb received his policy, the policy's contents cannot be imputed to Lipscomb as a matter of law,

8

specifically that the rental property was excluded from coverage under his AIC homeowner's policy. If Oliver were found to have negligently represented to Lipscomb that his policy covered the rental property, AIC could be liable for Oliver's actions under a theory of apparent authority. Thus, the trial court committed no error in denying AIC's motion for summary judgment, as no findings of fact had been made concerning the agent's representations to the insured, or the lack thereof.

¶16. "[I]t is well settled that an insurer is liable for actions of its agents within the scope of the agent's actual or apparent authority." *Dixie Ins. Co. v. Mooneyhan*, 684 So. 2d 574, 583 (Miss. 1996) (citing *Eaton v. Porter*, 645 So. 2d 1323, 1325 (Miss. 1994); *Ford v. Lamar Life Ins. Co.*, 513 So. 2d 880, 888 (Miss. 1987)). This Court has defined apparent authority as follows:

> Apparent authority exists when a reasonably prudent person, having knowledge of the nature and usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have. *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1180 (Miss. 1990) (quoting *Ford v. Lamar Life Ins. Co.*, 513 So. 2d 880, 888 (Miss. 1987)).

*Mladineo v. Schmidt,* 52 So. 3d 1154, 1167 (Miss. 2010). To recover under the theory of apparent authority, three factors must be present: "(1) acts or conduct on the part of the principal indicating the agent's authority, (2) reasonable reliance on those acts, and (3) a detrimental change in position as a result of such reliance." *Id.* (quoting *Williams*, 566 So. 2d at 1180; *Ford*, 513 So. 2d at 888).

¶17. In *Mladineo*, the question before this Court was whether the insurer, Nationwide, was bound under a theory of apparent authority by the alleged misrepresentations of its agent.

*Mladineo*, 52 So. 3d at 1166. The Court held that Nationwide was not bound by the acts of its agent because "after receipt of the insurance policy, it was not reasonable for the [plaintiffs] to rely on any oral representations by [the agent] which contradicted the terms of that policy." *Id.* at 1167. The Court found that the plaintiffs in *Mladineo* had been in possession of their policy for four months, that the terms of the policy were in direct conflict with the alleged misrepresentations by the insurer's agent, and that a sufficient amount of time had passed to "recognize and remedy the deficit in coverage." *Id.*

¶18. Contrary to *Mladineo*, in the instant case, the plaintiffs have insisted that the insured, Lipscomb, had not received his policy, and, as such, was never made aware that the terms of that policy contradicted the alleged misrepresentations of AIC's agent. According to the plaintiffs, Lipscomb continued to rely on the misrepresentations of the agent, and such reliance worked to his detriment by dissuading him from obtaining a policy that would have covered damage to the rental property and/or the damages incurred by his tenants.

¶19. Conversely, AIC contends that Lipscomb received a copy of his policy. Moreover, AIC maintains that the evidence, including the testimony of its agent and the activity log that noted the policy was mailed, creates a presumption of delivery to the insured. *See **Thames v. Smith Ins. Agency, Inc**.*, 710 So. 2d 1213, 1216 (Miss. 1998) ("There is a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed."). AIC maintains that, where a presumption of delivery exists, Lipscomb's testimony that he did not receive the policy is insufficient as a matter of law to rebut the presumption.

10

¶20.    The issue before the Court in *Thames,* 710 So. 2d at 1214, was not the delivery of an insurance policy, but rather, whether the trial court had erred in failing to grant either a continuance or a new trial, based on plaintiff's claim of lack of notice of a pretrial conference and trial. The evidence showed that the circuit clerk's office had mailed the notices to plaintiff's counsel at an address that was correct except for an erroneous ZIP code. *Id.* at 1215. Clearly, *Thames* did not address an insurer's duty to provide a copy of the policy to an insured and the means by which the insurer may prove receipt of that policy.

¶21.    This Court has never recognized that the testimony of the insurer's employee, coupled with the insurance company's own internal document, i.e., an activity log, creates a presumption of delivery of the insured's policy. This Court has addressed proof of delivery of a notice of cancellation of a policy and, in doing so, has recognized a presumption of delivery of notice where an insurer has proof of a certificate of mailing from the post office. *See State Farm Ins. Co. v. Gay* 526 So. 2d 534, 537 (Miss. 1988) ("[T]he Supreme Court of Mississippi has held that the agent's testimony that the letter was mailed and a post office certificate are adequate proof of notice.") (citation omitted); *Employers Mut. Cas. Co. v. Nosser*, 250 Miss. 542, 592, 168 So. 2d 119, 120 (Miss. 1964) ("To say that the mere testimony of the addressee that he did not receive the notice created a permissible inference that the letter was never mailed, would require us to disregard not only the explanatory testimony of the insurer's clerk, but the unimpeached, uncontradicted, written official acknowledgment of the post office that it received this letter for transmission by mail to the addressee at his correct address."). These cases are consistent with the statute pertaining to proof of notice of cancellation of an automobile policy. *See* Miss. Code Ann. § 83-11-9 (Rev.

11

2011) ("Proof of mailing of notice of cancellation, or of intention not to renew, or of reasons for cancellation to the named insured by a certificate of mailing, at the address shown in the policy, shall be sufficient proof of notice."). Given that there is no certificate of mailing in the instant case, a presumption of delivery of the policy is not present.

¶22. Since there is testimonial evidence that Lipscomb never received his policy and that, because of this, he never had opportunity to learn that the terms of his policy contradicted the alleged misrepresentations of the insurance agent, these factual issues must be resolved before a determination can be made of whether AIC is bound by the actions of its agent, Buddy Oliver. Accordingly, summary judgment was improper in this case. I would affirm the trial court's denial of AIC's motion for summary judgment.