KITCHENS, Justice,
dissenting:
¶ 14. I dissent in the instant case because I believe the majority is remiss in its failure to address the argument by Lipscomb that alleged misrepresentations made to him by the insurance agent, Buddy Oliver, created a duty for AIC to provide coverage under the homeowner’s policy. As evidence of this, the plaintiffs cite the deposition of Lipscomb, wherein he attested that his agent, Oliver, had actual knowledge that Lipscomb was renting out the detached, garage apartment where the injured plaintiffs were residing at the time of the fire. Lipscomb contends that, in spite of this knowledge, Oliver assured Lipscomb that his homeowner’s policy would cover the rented portions of the property. Moreover, Lipscomb attested that he never received this policy, and thus, had no actual knowledge that his coverage did not include the rental property. According to Lipscomb, because he detrimentally relied on the agent’s incorrect representations, he did not procure another policy that would have covered the claims of the injured plaintiffs.
¶ 15. Because a genuine issue of material fact remains with respect to whether Lipscomb received his policy, the policy’s contents cannot be imputed to Lipscomb as a matter of law, specifically that the rental property was excluded from coverage under his AIC homeowner’s policy. If Oliver were found to have negligently represented to Lipscomb that his policy covered the rental property, AIC could be liable for Oliver’s actions under a theory of apparent authority. Thus, the trial court committed no error in denying AIC’s motion for summary judgment, as no findings of fact had been made concerning the agent’s representations to the insured, or the lack thereof.
¶ 16. “[I]t is well settled that an insurer is liable for actions of its agents within the scope of the agent’s actual or apparent authority.” Dixie Ins. Co. v. Mooneyhan, 684 So.2d 574, 588 (Miss.1996) (citing Eaton v. Porter, 645 So.2d 1323, 1325 (Miss.1994); Ford v. Lamar Life Ins. Co., 513 So.2d 880, 888 (Miss.1987)). This Court has defined apparent authority as follows:
Apparent authority exists when a reasonably prudent person, having knowledge of the nature and usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have. Andrew Jackson Life Ins. Co. v. Williams, 566 So.2d 1172, 1180 (Miss.1990) (quoting Ford v. Lamar Life Ins. Co., 513 So.2d 880, 888 (Miss.1987)).
*562 Mladineo v. Schmidt, 52 So.3d 1154, 1167 (Miss.2010). To recover under the theory of apparent authority, three factors must be present: “(1) acts or conduct on the part of the principal indicating the agent’s authority, (2) reasonable reliance on those acts, and (3) a detrimental change in position as a result of such reliance.” Id. (quoting Williams, 566 So.2d at 1180; Ford, 513 So.2d at 888).
¶ 17. In Mladineo, the question before this Court was whether the insurer, Nationwide, was bound under a theory of apparent authority by the alleged misrepresentations of its agent. Mladineo, 52 So.3d at 1166. The Court held that Nationwide was not bound by the acts of its agent because “after receipt of the insurance policy, it was not reasonable for the [plaintiffs] to rely on any oral representations by [the agent] which contradicted the terms of that policy.” Id. at 1167. The Court found that the plaintiffs in Mladineo had been in possession of their policy for four months, that the terms of the policy were in direct conflict with the alleged misrepresentations by the insurer’s agent, and that a sufficient amount of time had passed to “recognize and remedy the deficit in coverage.” Id.
¶ 18. Contrary to Mladineo, in the instant case, the plaintiffs have insisted that the insured, Lipscomb, had not received his policy, and, as such, was never made aware that the terms of that policy contradicted the alleged misrepresentations of AIC’s agent. According to the plaintiffs, Lipscomb continued to rely on the misrepresentations of the agent, and such reliance worked to his detriment by dissuading him from obtaining a policy that would have covered damage to the rental propei’ty and/or the damages incurred by his tenants.
¶ 19. Conversely, AIC contends that Lipscomb received a copy of his policy. Moreover, AIC maintains that the evidence, including the testimony of its agent and the activity log that noted the policy was mailed, creates a presumption of delivery to the insured. See Thames v. Smith Ins. Agency, Inc., 710 So.2d 1213, 1216 (Miss.1998) (“There is a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed.”). AIC maintains that, where a presumption of delivery exists, Lipscomb’s testimony that he did not receive the policy is insufficient as a matter of law to rebut the presumption.
¶ 20. The issue before the Court in Thames, 710 So.2d at 1214, was not the delivery of an insurance policy, but rather, whether the trial court had erred in failing to grant either a continuance or a new trial, based on plaintiffs claim of lack of notice of a pretrial conference and trial. The evidence showed that the circuit clerk’s office had mailed the notices to plaintiffs counsel at an address that was correct except for an erroneous ZIP code. Id. at 1215. Clearly, Thames did not address an insurer’s duty to provide a copy of the policy to an insured and the means by which the insurer may prove receipt of that policy.
¶ 21. This Court has never recognized that the testimony of the insurer’s employee, coupled with the insurance company’s own internal document, i.e., an activity log, creates a presumption of delivery of the insured’s policy. This Court has addressed proof of delivery of a notice of cancellation of a policy and, in doing so, has recognized a presumption of delivery of notice where an insurer has proof of a certificate of mailing from the post office. See State Farm Ins. Co. v. Gay 526 So.2d 534, 537 (Miss.1988) (“[T]he Supreme Court of Mississippi has held that the agent’s testimony that the letter was mailed and a post office certificate are *563 adequate proof of notice.”) (citation omitted); Employers Mut. Cas. Co. v. Nosser, 250 Miss. 542, 592, 168 So.2d 119, 120 (Miss.1964) (“To say that the mere testimony of the addressee that he did not receive the notice created a permissible inference that the letter was never mailed, would require us to disregard not only the explanatory testimony of the insurer’s clerk, but the unimpeached, uncontradict-ed, written official acknowledgment of the post office that it received this letter for transmission by mail to the addressee at his correct address.”). These cases are consistent with the statute pertaining to proof of notice of cancellation of an automobile policy. See Miss.Code Ann. § 83-11-9 (Rev.2011) (“Proof of mailing of notice of cancellation, or of intention not to renew, or of reasons for cancellation to the named insured by a certificate of mailing, at the address shown in the policy, shall be sufficient proof of notice.”). Given that there is no certificate of mailing in the instant case, a presumption of delivery of the policy is not present.
¶ 22. Since there is testimonial evidence that Lipscomb never received his policy and that, because of this, he never had opportunity to learn that the terms of his policy contradicted the alleged misrepresentations of the insurance agent, these factual issues must be resolved before a determination can be made of whether AIC is bound by the actions of its agent, Buddy Oliver. Accordingly, summary judgment was improper in this case. I would affirm the trial court’s denial of AIC’s motion for summary judgment.